DUKE DOUBERLY, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—OBJECTIONS TO THE MANNER OF DRAW-
ING, EMPANELLING AND SUMMONING JURORS COME
TOO LATE AFTER VERDICT—ASSIGNMENTS OF ERROR
HAVING NO FOUNDATION IN RECORD.

1. A defendant in a criminal case who accepts, without protest, challenge or objection, jurors tendered for his trial, thereby waives any errors or irregularities in the drawing, selection, summoning and empanelling of such jurors, and will not, after verdict, be heard to question the legality or regularity of such jury by a motion in arrest of judgment or for a new trial.

2. Assignments of error predicated upon alleged facts and rulings that are not disclosed by the record cannot be considered by an appellate court.

3. A ground of a motion for new trial couched in the following language: "For other good and sufficient reasons apparent by the record," presents nothing for consideration by any court.

This case was decided by Division B.

Writ of Error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the Court.

*T. B. Oliver* and *Boozer & Gillen,* for Plaintiff in Error.

No appearance for the State.

TAYLOR, J.   The plaintiff in error was indicted at the Fall term, 1904, of the Circuit Court for Columbia county for the crime of larceny of one cow.  He was tried, convicted and sentenced at the Spring term of said court, 1905, and brings his case here for review by writ of error.

There are two assignments of error, as follows:  1st. The court erred in overruling and denying defendant's motion in arrest of judgment, and in not granting same, in and by its order of May 5th, 1905.

2nd.  The court erred in overruling and denying defendant's motion for a new trial of date April 26th, 1905, in and by its ruling of May 6th, 1905, and in not setting aside the verdict and awarding a new trial of said cause.

The defendant accepted the jury tendered for his trial, without interposing any objection or challenge because of any irregularity or defect in the manner in which they were drawn, empanelled or summoned, but waited until after verdict, and then for the first time by his motion in arrest of judgment complained that the jury which tried him was irregularly and illegally drawn from the box by the clerk, the alleged illegality  being that  the clerk drew from the box thirty-six names to  serve  as grand and petit jurors, when the law authorized him to draw but thirty names.

By accepting the trial jurors, without protest,  challenge or exception the defendant waived all irregularity and defect in the manner in which they were drawn, selected, empanelled and summoned, and a  motion in arrest of judgment cannot be utilized to raise or present questions affecting the competency of trial jurors, or the manner in which they were drawn, chosen, empanelled or summoned.  Such objections come too late after verdict.   Section 2937, Rev. Stats.; Green v. State, 17 Fla.

669; Colson v. State, (decided at the present term, and authorities there cited.)

There is nothing in the record tending to show that the defendant was in any manner injured by the irregularities alleged in the drawing and selection of the trial jury. The trial court, therefore, did not err in denying the motion in arrest of judgment.

The defendant's motion for new trial was based upon ten separate grounds. The 1st, 2nd, 3rd and 4th thereof being that the verdict is contrary to the evidence, is without evidence to support it, and is contrary to law, and to the charge of the court. The 5th ground complains of the same alleged irregularities and defects in the selection, drawing and empanelling of the trial jurors as are set up in the motion in arrest of judgment. The 6th, 7th and 8th grounds complain of alleged rulings of the court excluding questions propounded to witnesses by the defendant. The 9th ground complains of an alleged ruling of the court denying an application of the defendant for a temporary delay of the trial to await the arrival of one of defendant's witnesses who was en route to the court, but who had not yet arrived. The 10th and last ground of the motion for new trial is upon the unnamed general ground: "For other good and sufficient reasons apparent by the record."

Upon the authorities cited above in disposing of the motion in arrest of judgment, the defendant's complaint against the manner in which the trial jurors were chosen, drawn and empanelled came too late after verdict in a motion for new trial.

The record before us fails to show any such rulings or facts as are made the basis of the 6th, 7th, 8th and 9th grounds of the motion for new trial, and fails to show

any exceptions to any such rulings if any such were made, and consequently these grounds of the motion cannot be considered here.

The 10th ground of the motion is too vague, indefinite and general, and presents nothing for consideration:

The evidence for the State, if believed by the jury, was entirely sufficient to support a verdict of conviction, and the verdict found evidences the fact that it was so believed by the jury. Whether or not the verdict is contrary to the charge of the court, is not shown since the record does not contain the charges if any were given.

Finding no error the judgment of the Circuit Court in said cause is hereby affirmed at the cost of the county of Columbia, the plaintiff in error having been adjudged to be insolvent.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.