DREW, Justice.,
The principal contention in this appeal is that the lower Court committed substantial and harmful error by requiring the plaintiff to join her insurance carriers as use plaintiffs in an action she had instituted to recover damages resulting from a fire allegedly caused by the negligent installation and repairs to a hot water heater made by the appellees.
The record shews that the original complaint was filed on August 17, 1951 by Mary Bryant, the plaintiff, against Bertha Kuhn, Gertrude Kuhn and Peter Kuhn, a partnership trading as Kuhn Plumbing and Electric Shop. A motion to dismiss was filed by the defendants and sustained by the lower Court with leave to amend. An amended complaint was filed by the plaintiff to which a motion to dismiss, motion to strike, and a motion for more definite statement were filed. These motions were never ruled on by any formal order which appears in the record in this cause. Instead, after a notice of hearing on the motions had been filed, a third amended complaint was filed by the plaintiff, individually, “and for the use and benefit of Home Insurance Company and Aetna Insurance Company.” Upon the issues formed by defendants’ answer to the latter complaint, a trial was had before a jury who found in favor of defendants.
At the bar of this Court plaintiff argued that the reason the third amended complaint was filed was that the lower Court had orally stated to plaintiff’s counsel that unless he joined the insurance carriers as use plaintiffs, the action would be dismissed. There is no order in this record evidencing such ruling. It is conceded that no formal order was ever entered. It is fundamental that it is only upon the record before us that we are authorized to review the actions of the lower Court. See Hartford Fire Ins. Co. v. Brown, 60 Fla. 83, 93, 53 So. 838, 842. So far as the record shows, the third amended complaint was voluntarily filed by the plaintiff and she cannot now complain of any injurious result of joining the insurance carriers as use plaintiffs. Compare Dorman v. Dorman, 125 Fla. 280, 169 So. 867.
The other questions raised have been duly considered by us but found to be without merit.
Affirmed.
TERRELL, Acting C. J., and THOMAS and HERIN, JJ., concur.