CARROLL, CHAS., Judge.
This is an appeal from an order of the county judge’s court in Dade County entered in the course of administration of the estate of one Bror Gustave Dahlberg, deceased. The appeal is by the United States, which has filed a claim in the estate. The order appealed from was one granting a petition of the widow Gilda Dahlberg, who bad elected to take dower, to determine the amount of her dower and order its disbursement to her.[1]
Appellant, relying on R.S. 3466, 31 U.S.C.A. § 191,[2] contends that the priority given under that statute, to the debt owed by the deceased to the government, should be observed and made a basis for reversal of the order for payment of the widow’s dower. It is argued on behalf of the government that the statute properly construed gives the government priority not only over other creditors but over the widow’s dower. We are told that the question thus presented has never been authoritatively decided. If the answer to that question is in doubt, it must remain so for some time longer, because the appellant has failed to present a record to this court which can raise the question or prompt its decision.
The record before us is brief.[3] It begins with a showing of the government’s proof of claim, filed February 15, 1956. The claim was based on a judgment in favor of the government against the decedent for $45,000, with interest at the rate of eight percentum per annum from September 11, 1948. The proof of claim contained the assertion that the “government is entitled to priority of payment under § 3466 of the Revised Statute, 31 U.S.C. § 191.” No facts were included in the proof of claim to show that the circumstances and condition of the estate were such as would permit appli *88 cation of the priority provision of the statute.
Next appearing in the record is the petition of the widow, filed October 7, 1958, after electing to take dower, for determination of amount and payment of her dower. Attached to that petition of the widow was a certificate showing service of copies thereof on counsel for the interested parties, including the government.
Next, the record shows an order (filed the same day as the widow’s petition for dower), entitled “Order on petition for payment of amounts due United States of America.”[4] By that order the county judge made provision for payment to the government of a certain income tax liability, but ruled that the government’s petition for payment of the amount of its said judgment would be deferred until the conclusion of certain litigation pending between the government and the estate in the United States tax court, but the nature or amount of the subject matter thereof was not disclosed. Such petition as the government may have filed as a basis for that order was not included in the record. No appeal was taken from that last mentioned order.[5] The only other items appearing in the record are an order denying a petition for rehearing which the government directed to the order last mentioned, and the “appeal papers”, consisting of the order which is appealed from, the amended notice of appeal, a stipulation and order extending the time for filing assignments of error, and the government’s assignments of error and directions to the clerk.
Under the terms of R.S. § 3466 debts due to the United States are given priority, when claim therefor is made in an estate, “whenever the estate of any deceased debtor * * * is insufficient to pay all the debts due from the deceased.”
Appellant argues that the order for payment of the widow’s dower must be reversed because the estate was insolvent, and under the statute the debt of the government was entitled to “be first satisfied.”
That contention of the government is without merit, because the record will not support it. The record discloses the amount of the assets of the estate, but not the debts or obligations thereof. There simply is nothing in the record from which it could be determined whether or not the estate was insolvent, in the sense of having an excess of liabilities over its assets,[6] as of the date of the entry of the order appealed from.
After the argument the appellant filed a supplement to the record showing that subsequent to the entry of the order for payment of dower which is the subject of this appeal, certain additional debts of the deceased for income taxes have been established. At the time of the entry of the *89 •dower order those items were disputed by the estate and in litigation; and the .amounts thus being claimed were not shown in the record on appeal. The inclusion of those later established debts in the record at this late date, does not cure the failure of the record on appeal to show insolvency •of the estate as of the time the court made the order which is challenged on the appeal.
Moreover, even if the estate could be shown to have been thus “insolvent” when the court ordered payment of the widow’s dower, there still would be no basis on this record to conclude that the assets remaining after payment of the dower were not •enough to satisfy the government’s judgment debt on a priority basis. It must not be lost sight of that this appeal is from the order for payment of the widow’s dower, and not from any order denying payment of the government’s claim for its judgment debt.
Assignments of error predicated •on facts or proceedings in the trial court which are not disclosed by the record on appeal may not be considered by an appellate court. Hartford Fire Ins. Co. v. Brown, 60 Fla. 83, 53 So. 838, 842. The record on appeal must contain all that is essential to show the error complained of. Woods-Hoskins-Young Co. v. Taylor Development Co., 98 Fla. 156, 122 So. 224, 225. “It is fundamental that it is only upon the record before us that we are authorized to review the actions of the lower Court.” Bryant v. Kuhn, Fla.1954, 73 So.2d 675, 676. A decree of the trial court comes to the appellate court with a presumption of its correctness, and the burden is on the appellant to show its error. An appellant cannot sustain that burden where facts essential to its establishment, though they may have been present in the record in the trial court, are not shown in or are lacking from the record on appeal. Johnson v. Roberts, Fla.1955, 79 So.2d 425. See, also, 3 Am.Jur., Appeal and Error, § 568.
Accordingly, for the reason stated, the order of the county judge’s court which is the subject of this appeal is hereby affirmed.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.

. The order fixing the amount of the widow’s dower and directing its payment, which is the subject of this appeal, reads as follows:
“This cause came on to be heard on petition of the widow, and it appearing unto the court that Gilda Dahlberg, surviving spouse of the above named decedent has elected to take dower and has filed such election in proper form and within the time prescribed by law, and it appearing that such dower share to which the said widow is entitled has been computed to be the sum of $72,959.75, and the court being fully advised in the premises, it is therefore
“Ordered that the Executrix and Administrator O.T.A. of this estate be and they are hereby authorized to pay to Gilda Dahlberg, the surviving spouse, as her dower share of the estate to which she is entitled under the laws of the State of Florida, the sum of $72,959.75.”

. 31 U.S.C.A. § 191 provides in pertinent part :
“Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied;

. The appellant’s directions for preparation of the record listed the following items:
“1. Petition to Determine the Amount of Dower and for Order Authorizing Payment of same.
“2. Order on Petition for Payment of Amounts due United States of America.
“3. Order Determining Amount of Dower and Authorizing Payment of Same to Surviving Spouse.
“4. Order dated December 17, 1958, denying Petition for Rehearing.
“5. Supplemental Proof of Claim of the USA filed on or about November 23, 1955.
“6. Stipulation extending time to perfect appeal.”

.“This causo came on to be heard upon petition for payment of amounts due United States of America filed heroin by the United States of America, and the court having heard counsel and the court being fully advised in the premises, it is therefore
“Ordered as follows:
“1. That the sum due the petition for income tax liability for the year 1947 shall be paid out of the proceeds of the life insurance policies of the deceased which policies have been assigned to the petitioner, and such payment shall be made with as much speed as is possible.
“2. That ruling upon the petition for payment of the sums due the petitioner by reason of the judgment in favor of the petitioner on behalf of the Housing and Home Finance Agency of the United States be and the same is hereby deferred until the conclusion of the litigation now pending in the United States Tax Court wherein the above captioned estate is a party.”

. The order of the county judge’s court postponing ruling on the government’s motion for payment of its judgment, being interlocutory, was not appealable. Art. 5, See. 5(3), Fla.Const., 26 F.S.A.

. See United States v. State of Oklahoma, 261 U.S. 253, 43 S.Ct. 295, 67 L.Ed. 638, 644.