DREW, Justice.
A motion has been made to quash this appeal from a decision of the District Court of Appeal, Third District,[1] on the ground we have no jurisdiction to entertain it.
Our jurisdiction in appeals from the district courts is limited to those decisions which initially pass on the validity of a state statute, or Federal statute or treaty or initially construe a controlling provision of the State or Federal Constitution.[2] An examination of the decision under consideration clearly establishes that none of said prerequisites can be found.
In its brief in opposition to the motion to quash the United States argues that the 'appeal “presents several important and substantial questions for decision by this Court.” Even if it does — a doubtful premise by the record — it cannot confer jurisdiction. It is also asserted that the questioned decision passes on the validity of a state statute. We do not find this to be the case, but if it did, we would not have jurisdiction because of the requirement of the Constitution that, in order to be entitled to appeal, such court must have initially passed upon such statutp. Again, the government says' the case is clearly reviewable by cer- *586 tiorari because it presents a question of great public interest. The answer to this contention is that this is an appeal and not certiorari, and even if it were certiorari, the district court did not certify it to us as required by the Constitution and rules.[3]
For these several reasons the appeal is quashed.
THOMAS, C. J„ and TERRELL, THORNAL and O’CONNELL, JJ., concur.

. United States v. Dahlberg, Fla.App. 1959, 115 So.2d 86.

. Fla.Const. Art. V, Sec. 4(2), 26 F.S.A.; F.A.R. 2.1, subd. a(5) (b), 31 F.S.A.

. Susco Car Rental System of Florida v. Leonard, Fla.1959, 112 So.2d 832.