WOODS-HOSKINS-YOUNG COMPANY; a Corporation, *Appellant,* v. TAYLOR DEVELOPMENT COMPANY, a Corporation; EMMA FISTER, KENNETH G. TURNBULL and MARY LOUISE TURNBULL, his wife; BART N. PEAK and LAVINIA McDANIEL PEAK, his wife; LEWIE N. CONE and J. W. CONE, her husband; JAMES A. P. HENDERSON and MILDRED C. HENDERSON, his wife; CHARLES BERGER, a bachelor; J. T. MORGAN and SAMMIE MORGAN, his wife, *Appellees.*

Division A.

Opinion filed July 6, 1929.

*McCune, Casey, Hiaasen & Fleming,* for Appellant;

*George W. Tedder,* for Appellees.

ELLIS, J.—This is an appeal from two orders sustaining objections to constructive service by publication upon cer-

tain defendants in a suit supposedly begun in the Circuit
Court for Broward County.

The first order of publication was made by the clerk on
March 5, 1927, and recited that the purpose of the suit was
the foreclosure of a mortgage on certain lands described in
Broward county in which Woods-Hoskins-Young Company,
a corporation, was complainant and the Taylor Develop-
ment Company, a Corporation, with others named, were
defendants. The order of publication was directed against
the natural persons named as defendants, one of whom was
said to reside in the State of Ohio and the others to be non-
residents of this State but their residence was unknown to
affiant.

The affidavit of publication showed five publications of
the order each on Sunday. The motion to quash was made
on that ground and sustained. On the date the order was
made the complainant filed an affidavit of the advertising
manager of the paper, that upon each of the dates named
upon which the order appeared in the newspaper that the
newspaper was completely published, off the press, and
ready for distribution before sunrise and before 6. A. M.
Another order based on the same affidavit was published in
four issues of the daily paper as follows: June 30, July 7,
14 and 21, 1927.

A motion in behalf of six of the defendants to quash the
service was granted. The appeal was from those two orders
by the Woods-Hoskins-Young Company describing itself as
the complainant in the notice of appeal.

The record does not disclose that any cause was pending
in the court below except by merest inference. It contains
no bill duly filed, no statement of any cause of action by
which this Court may determine that an order of publica-
tion under the statute was allowable in the first place. Sec.
4895, Comp. Gen. Laws 1927. A transcript of the record

of such cause should be furnished to the appellate court on the appeal.

Stipulation between the parties for the elimination from the transcript of essential portions of the record necessary to show the existence of a cause pending cannot supply the lack of such material matters. All matters which are unessential to the elucidation of the point presented which might have transpired during the proceedings may be omitted and the transcript be stripped of every paper, word of testimony, orders and some pleadings which may have no relation to the point, but in a chancery cause the bill as filed is an essential part of the record, the answer or demurrer or plea, if any, the testimony and decrees, should be exhibited by the transcript or so much thereof as appear of record and have a bearing upon the point presented. In this case the parties stipulated to omit from the transcript the necessary part of the record which shows the existence of a cause pending.

While it has been held that an order setting aside an order of publication and service upon a non-resident defendant is such an interlocutory decree as will support an appeal under our statute, see State ex rel. Burbridge v. Call, 41 Fla. 450, 26 So. R. 1016, it is nevertheless essential that the appellate court should be advised by the record whether the defendants attempted to be impleaded as non-residents are sought to be held to personal liability only, whether the allegations of the bill showed them to be either necessary or proper parties or whether any bill had been filed at all. If the parties in whose behalf the motion to quash were in fact neither necessary or proper parties obviously the question sought to be presented is purely moot or merely academic.

The statute requires the filing of a transcript of the record and proceedings thereon containing a true copy of all

proceedings in such cause in the court below, See Sec. 4625, Comp. Gen. Laws 1927 (Sec. 2915, Rev. Gen. Stats. 1920), but whether the statute requires it or not the powers of an appellate court cannot be exercised unless a sufficient part of the record is presented to it showing the existence of a cause pending in which the orders were alleged to have been made. It is the duty of an appellant or plaintiff in error to make the error complained of to appear.

The appellate court is necessarily confined to a review of the proceedings of the trial court. The record of the trial court is the only legal evidence of such proceedings. In the view of the law the record itself is to be returned but in practice a transcript only is sent up of the successive steps taken in the progress of the cause, such as the bill, answer or replication, orders to be reviewed, depositions in the cause and other papers filed as a part thereof. 2 Ency. Pleading and Practice 258.

The court in this proceeding, so far as the record discloses otherwise, is requested to give its opinion upon the abstract questions of whether an order of publication in a proper case may be published on Sunday with legal efficacy, whether the mere printing of an order in a newspaper is a publication of the order without regard to the distribution of the newspaper, and whether an order for publication may be made a week, month or years after the affidavit is made which the statute requires and other related questions. If all of them are answered in the negative or in the affirmative the decision can be nothing but an advisory opinion and of no binding force because the record of the lower court in which the orders were made is not before us.

If the transcript does not contain all that is essential to show error the appeal will not be presumed to exist and a

radically imperfect transcript cannot show error. See Elliott's Appellate Proc., Secs. 186-196.

In this view of the case we must dismiss the appeal.

Dismissed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.