J. P. ESCH, *et al.*, v. DAVIS FORSTER, *et al.*

168 So. 229.
Division A.
Opinion Filed January 20, 1936.
On Rehearing April 23, 1936.
Further Rehearing Denied May 22, 1936.

*Stewart & Stewart,* for Appellants;
*Green & West, Fullerton & Gillespie,* and *Hull, Landis & Whitehair,* for Appellees.

PER CURIAM.—In a suit brought by J. P. Esch and others in their own right and in behalf of all other taxpayers within a stated taxing district to require an accounting for the proceeds received from taxes collected and not lawfully used, the chancellor decreed in favor of the complainants and ordered specified payments to be made for attorney fees and other expenses allowed by the court, and ordered that remaining funds be paid "into the registry of the court for the purpose of distribution thereof * * * in accordance with further instructions to be rendered * * * by this court." It was "further ordered, adjudged and decreed that it (the court) shall and will retain jurisdiction over this cause and every phase thereof until such time as there shall have been effected a complete distribution of the trust fund involved herein." Complainants appealed.

Upon a consideration of the entire record, it is not made to appear that substantial error exists in the decree; and as the court expressly retained jurisdiction of the cause for further orders to be made therein in making a complete disposition of the funds in litigation, which enables the court to make any appropriate and proper order in the cause, the decree as appealed from is affirmed without prejudice to the authority of the chancellor to make any and all proper orders in the cause according to law and equitable procedure.

It is so ordered.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

## On Rehearing.

Sebring, Circuit Judge.—After an opinion and judgment was filed in this case on January 20, 1936, a rehearing was granted. Pursuant thereto, the Court has carefully reconsidered the briefs and record herein, and now renders its opinion thereon.

This is a class suit brought by J. P. Esch, and others, in their own right and in behalf of all other taxpayers within a special taxing district to require an accounting and a return of taxes alleged to have been illegally collected by certain of the defendants acting as administrative officers under color of defective or unconstitutional legislative enactments which attempt to create said special taxing district. The suit also seeks an accounting against other of the defendants who are alleged to have illegally received compensation for services rendered to said administrative officers. See Acts 1925, c. 10448; Acts 1925, Ex. Sess., c. 11791; Acts 1929, Ex. Sess., c. 14503; Acts 1931, cc. 14765, 14770, 14771. See, also, Stewart v. Daytona and New Smyrna Inlet District, 94 Fla. 859, 114 So. 545; Stewart v. New Smyrna Inlet District, 110 Fla. 1126, 130 So. 575.

The theory upon which the different bills of complaint rest, the relief sought, and the defenses interposed by the several answers are sufficiently set out and discussed in Esch, et al., v. Forster, et al., 99 Fla. 717, 127 So. 336; New Smyrna Inlet District, et al., v. Esch, et al., 103 Fla. 24, 137 So. 1 (rehearing denied, 103 Fla. 31, 138 So. 49); Forster, et al., v. Esch, et al., 113 Fla. 377, 152 So. 444.

Upon final hearing, Honorable M. D. Smith, as specially designated chancellor to hear said case in the place of the resident judge of the Seventh Judicial Circuit, decreed in favor of the plaintiffs, ordered certain specified payments to be made for attorney's fees and other expenses allowed

by the court, and ordered that remaining funds in the hands of the defendants (received) be paid into the registry of the court "for the purpose of distribution thereof * * * in accordance with further instructions to be rendered at that time by this court." The court also retained jurisdiction of the case, and every phase thereof, "until such time as there shall have been effected a complete distribution of the trust fund involved herein."

From this decree, the plaintiffs take their appeal.

It appears from the record that the decree appealed from was based "upon the entire record * * * including the testimony and evidence taken and heard by the court and the stipulation made and entered therein in open court on July 16th, 1934." By said stipulation, as read into the record by one of the solicitors for plaintiffs at the time of said hearing, and copied into the decree appealed from, it was agreed "that in order that the case may be speedily concluded and a distribution of the fund involved in this suit be had, the complainants abandon and disclaim any claim, demand, or right to refund to any moneys or disbursements made or paid to any party to this case by any parties to this case, as shown by the audit of W. O. Gentry, etc., dated September 29th, 1932, or otherwise; that the solicitors for the respective parties are entitled to and shall receive a reasonable attorneys' fee for their services, to be determined by the court, together with their expenses, all of which shall be paid immediately out of funds now in the hands of the receiver; that the defendants, Fullerton and Gillespie, shall receive a reasonable fee for the services rendered by them to New Smyrna Inlet District in all matters and things handled by them as attorneys for said District, to be fixed by the court; that all other costs and expenses * * * be paid from the fund now in the receiver's

hands; and that after the payment of all said items, the remaining funds in the hands of the receiver be returned and disbursed to the complainants and other taxpayers pursuant to the order of this court." It was further stipulated that as a basis for the disbursement of the remainder of said fund to the taxpayers, the court shall consider certain sworn statements filed in the case by the tax collector and clerk of the circuit court, showing taxes collected and from whom collected; and the audit of W. O. Gentry heretofore referred to.

It is first contended for appellants that Judge M. B. Smith had no authority to enter a decree in this case for the reason that at the time said case was heard and determined by him, another circuit judge, who had been duly assigned to Volusia County to assist the resident judge in disposing of pending cases, was hearing and disposing of such cases as were being presented to him for determination; and that consequently there was no authority vested in the Governor to assign another judge to said county to determine this particular case.

We fail to see how these facts, if true, can affect the authority of Judge Smith to act in the present case. But even if there were any merit in the assignment (a question which we do not determine on this appeal) this assignment may not be considered here, as it is predicated upon a statement of facts about which the record is silent. Assignments of error based upon an alleged statement of facts are without merit, when there is nothing in the transcript to indicate such facts; and it is the duty of the appellant to make the error complained of appear from the record. Hartford Fire Ins. Co. v. Brown, 60 Fla. 83, 53 So. 838; Woods-Hoskins-Young Co. v. Taylor Development Co., *et al.,* 98 Fla. 156, 122 So. 224.

The appellants next complain that the court erred in recognizing and adopting the stipulation of July 16, 1934; but they do not make clear the grounds upon which they base their contention. We have carefully considered this stipulation, however, and we find that it had the effect of limiting the issues in the case to the questions reserved therein. So far as is apparent, the agreement was entered into by the parties in good faith, and there is nothing in the record tending to show that such agreement was obtained by fraud, misrepresentation, or mistake. The court acted upon the stipulation and entered its decree in accordance therewith. Pursuant to said decree the receiver made certain of the disbursements required to be made, including the payment to plaintiffs' attorneys of the fee allowed, and said attorneys accepted and retained said fees without objection. No motion for withdrawal or revocation of said agreement has ever been filed by the complaining parties; and they have stood by while a large portion of the fund has been paid back to the taxpayers within the said taxing district. Under these circumstances we must hold that the stipulation is binding as between the parties to this suit.

Where parties by stipulation prescribe the issues on which the case is to be tried, they are estopped from thereafter asserting that the case was submitted on the wrong theory; and a stipulation of this nature, unlike a stipulation which merely eliminates a single issue, amounts to a binding waiver and elimination of all issues not included. In the absences of grounds which will authorize a party to the stipulation to rescind or withdraw from it, both trial and appellate courts are bound by stipulation in respect of matter which may validly be made the subject matter of stipulation. 60 C. J. 68-69, 74. Courts look with favor upon stipulations designed to simplify, shorten, or settle litigation and save

costs' to the parties, and such stipulations will be encouraged by the courts, and enforced by them, unless good cause is shown to the contrary.

"A stipulation concerning the proceedings in a pending cause is an obligation unlike ordinary contracts between parties not in court, since no consideration is necessary to its validity, no mutuality is required. It may bind those incapable of binding themselves out of court, and it is subject to the supervision of the court. Generally all stipulations of parties for the government of their conduct or the control of their rights, in the trial of a cause or the conduct of a litigation, are enforced by the courts, if such stipulations are not unreasonable, nor against good morals or sound public policy. 20 Ency. of Pleading and Practice, 607.

"In order to obtain relief against a stipulation, the regular course is not simply to ignore or attempt to evade it, but to make a seasonable and affirmative application by formal motion to the court, on notice, and supported by affidavit for its withdrawal or revocation. 20 Ency. of Pleading and Practice, 666.

"The court will enforce valid stipulations, unless some good cause be shown for declining to do so, especially where the stipulation has been acted upon so that the parties cannot be placed in *statu quo*. 20 Ency. of Pleading and Practice, page 662, and 25 R. G. L. 1095, *et seq.*"

See, also, Mugge v. Jackson, 50 Fla. 235, 39 So. 157; Smith v. Smith, 90 Fla. 824, 107 So. 257; Penney, *et al.*, v. First Trust & Savings Bank, 102 Fla. 185, 135 So. 805.

As was said by Mr. Chief Justice BROWN, in Smith v. Smith, *supra*:

"The making of such stipulations as the one here involved should be encouraged rather than discouraged, to

facilitate the progress of causes and save the time of the courts, and, aside from the sanctity accorded by the courts to contractual obligations generally, it would appear to be a wise policy for the courts to recognize and enforce such stipulations between the parties when fairly and voluntarily entered into, unless good cause to the contrary be seasonably and properly brought to the court's attention. If such stipulations, when reasonable and made in good faith, are not respected and enforced by the courts, counsel and litigants would hesitate to enter into them."

We conclude, therefore, that the action of the chancellor in giving effect to the stipulation was correct, and that such stipulation is binding upon the parties to this suit.

The remaining contentions of appellants are that the attorney's fee allowed to plaintiffs' solicitors is inadequate; and that the fees allowed to certain of the defendants, and to the attorneys representing the defendants, are excessive.

Inasmuch as nine or ten assignments are devoted to these grounds, we take it that this is the crux of the case, so far as appellants are concerned; but we are not inclined to disturb the findings and decree of the lower court in this regard. The ascertainment of reasonable fees was submitted to the chancellor upon the stipulation between the parties, and upon the testimony of certain disinterested attorneys who testified in the case; and we think that there is ample evidence to sustain the chancellor's findings.

A large discretion is vested in the chancellor in allowing attorney's fees, and his findings will not ordinarily be disturbed where the amount allowed is not unreasonable. Of course, the chancellor should take care that only reasonable fees be allowed upon a consideration of testimony on the subject by competent and disinterested attorneys; but there should be reserved to him in all cases the right and duty

to determine the reasonableness of the award; in the light of all pertinent circumstances that should legally and equitably affect the amount allowed.

As the court has expressly retained jurisdiction of the case for the purpose of making a complete distribution of the trust fund involved, and as this necessarily carries with it the power to make further appropriate and proper orders herein, the decree appealed from is affirmed without prejudice to the authority of the chancellor to make such proper orders in this case as shall accord with law and equitable procedure.

It is so ordered.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, J., disqualified.