*In Re:* THE ESTATE OF JOSEPHINE M. YARYAN, Appellant,
v. E. C. WATSON, Appellee.

200 So. 539
Division A
Opinion Filed February 18, 1941
Rehearing Denied March 6, 1941

*Baker & Ulmer,* for Appellant;

*Bradley & Wehle,* for Appellee.

PER CURIAM.—This appeal is from the following appellate order of the circuit court:

"In the Circuit Court of the Sixth Judicial Circuit of Florida for Pinellas County, on Appeal from County Judge's Court.

"In the Matter of the Estate of Josephine M. Yaryan, deceased. E. C. Watson, Appellant, v. Homer Lee Yaryan, Appellee and Cross-Appellant. ORDER ON APPEAL.

"This is an appeal from the County Judge's Court of Pinellas County, Florida, Honorable Jack F. White, County Judge, taken in conformity with Section 53 of The Probate Act and brings for consideration an order entered by said County Judge upon an application made pursuant to Section 158 of The Probate Act for allowance of attorney's fees in an administration proceeding.

194

"The petitioner, E. C. Watson, an attorney practicing at the bar of this court' prayed for allowance of a reasonable attorney's fee for his services rendered and to be rendered to the Executors under the will of Josephine M. Yaryan, deceased; the respondent Homer Lee Yaryan is the residuary legatee under said will and the only person interested, all other devises and bequests having been paid; the County Judge heard the petition and the testimony of the parties and entered his order allowing a fee of $6,887.50 to the petitioner; both petitioner and respondent, being aggrieved by said order, have appealed therefrom, petitioner as appellant and respondent as appellee and cross-appellant.

"The appeal was heard on briefs filed by the parties and there was also considered the transcript of testimony, the opinion of the County Judge in support of his order and all of the probate files, including copy of the will, the first annual report, the petition for partial distribution and order of partial distribution.

"On consideration of the record this court is of the opinion that the County Judge erred in his said order of allowance, and that the sum of Seven thousand five hundred Dollars ($7,500.00) is a proper and reasonable amount to be allowed and paid the petitioner by the Executors for all services rendered and to be rendered by him in said administration proceedings down to final discharge, including the preparation and filing of estate tax returns, the Executors to be credited upon such amount by the sum of $2,500.00 heretofore paid petitioner.

"It Is Accordingly Ordered that the said order of the County Judge of Pinellas County, Florida, entered on the 4th day of May, 1940, in proceedings then pending before him in the Matter of the Estate of Josephine M. Yaryan, deceased, be and the same hereby is reversed and the pro-

ceedings are remanded to said court for entry of an order in conformity herewith.

"Costs of this appeal are ordered to be borne equally between the parties and to be fixed and allowed by the lower court upon application of either party after notice to the other.

"Done and Ordered at St. Petersburg, Florida, this 4th day of October, A. D. 1940.

> "T. Frank Hobson, Judge of the Sixth Judicial Circuit of Florida, Sitting on Appeal."

The estate was "appraised at approximately $145,000.00."

Apparently the circuit court gave effect to Section 4637 (2918) C. G. L., as he was authorized to do, particularly in cases of this character where the circuit court has "supervision and appellate jurisdiction of matters arising before county judges pertaining to their probate jurisdiction." Sec. 11, Art. V, Constitution.

The will contains the following:

"It is my desire that the said E. C. Watson shall serve as attorney for the Executors and Trustees in all matters pertaining to the administration of my estate, and that he shall receive full compensation for his services as such attorney, but that he shall not receive any commission or other compensation as Co-executor."

The Probate Act of 1933 contains the following: "Section 158. Expenses and Compensation.—. . . Any attorney who has rendered services to an estate, or the personal representative, may apply to the court by petition for an order making an allowance for attorney's fees, and after notice to persons adversely affected, the court shall make such order with respect thereto as shall be proper. . . . If the personal representative be a practicing attorney-at-law of this State, and shall have rendered legal services

196

in connection with his official duties, he shall be allowed such fees therefor as shall be just and reasonable." Ch. 16103, Acts 1933.

Appellee having accepted his appointment under the will, and acted thereunder, Section 158 of the Probate Act was not applied.

There is ample evidence to sustain the decree and upon consideration of the entire record, no error in applying rules of law to the evidence or otherwise appearing in the proceedings before the circuit judge, the decree here appealed from should be and is affirmed. See Hamilton v. Morgan, 93 Fla. 311, 112 So. 80; Esch v. Forster, 123 Fla. 905, 168 So. 229; *In re:* Alkire's Estate, 142 Fla. 862, 198 So. 475.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.