DREW, Justice.
This is an appeal from a judgment of the Circuit Court of Dade County affirming an order of the County Judge of Dade County granting dower to the widow of Miguel A. Vidal, deceased, based on the value of the gross estate of the deceased.
Appellant, Aurea Vidal Yanes, assigns the following errors, viz.:
“1. The Honorable Grady L. Crawford, one of the Judges of said Circuit Court, erred in entering said judgment of affirmance appealed from in this case, because it is contrary to law and is not authorized by the evidence and record in this case.”
“2. The Honorable Grady L. Crawford, Circuit Judge as aforesaid, erred in refus *199 ing to allow the appellant the opportunity of offering in evidence before him those certain paper instruments identified as being appellant’s Exhibits A, B, C and D for identification, for the reason that the acceptance of such exhibits in evidence before him would have established that the estate real property from the proceeds of the sale of which dower was allowed to the widow, was, at the time of the death of the decedent encumbered by a purchase money mortgage in which the widow could have no dower rights, and because said refusal is contrary to law.”
 The second assignment of error is not argued by appellant and is therefore considered by us as having been abandoned. Jackson v. Florida Weathermakers, Inc., Fla., 55 So.2d 575. Moreover, on its face, the assignment is obviously without merit. The Circuit Judge was the appellate judge empowered to review the action of the County Judge on the record made there.
The first assignment of error does not point out with any particularity in what respect the Circuit Judge erred in rendering the judgment of affirmance. Turning, however, to the sole question presented and argued in the brief of appellant we conclude that the error complained of was that in admeasuring dower the lower court failed to deduct from the value of the estate the amount of a purchase money mortgage which encumbered the real estate which constituted the bulk of the estate. The question presented and argued by appellant is as follows:
“Where the statute provides that a widow may elect to take dower in lieu of that portion to which she is entitled under the law of descent and distribution or under the will of her deceased husband, which dower shall be “one-third part in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law * * * [and when] in all cases the widow’s dower shall be free from liability for all debts of the decedent and all costs, charges and expenses of administration * * * provided [and where] nothing * * * contained [in the law] shall be construed as impairing the validity of the lien of any duly recorded mortgage * * * ”, and where a man is possessed of real property held by the lien of a purchase money mortgage the note and mortgage being signed by both husband and wife, and the man dies, and after his death the widow elects to take dower, and the widow and heirs agree that the real estate be sold and it is sold for $118,500 less the mortgage of $24,500, is the dower of the wife in said real estate measured by the sale price of $118,500 or by the said sale price of $118,500 less the purchase money mortgage of $24,500?”
As will be gleaned by an examination of the abandoned second assignment of error, supra, the appellant attempted to introduce in evidence, before the Circuit Judge acting as an appellate court, certain exhibits which were presumed to establish the fact that the real estate was encumbered by a purchase .money mortgage. We find nothing whatever in the record before the County Judge, or lawfully in the record before us, which would indicate that the property was encumbered by a purchase money mortgage. The abortive attempt to present such evidence (if, in fact, it existed) to the appellate judge added nothing which we can consider. The sole question argued here, and the assignment of error on which it is predicated, must therefore fail because it finds no basis in the record to support it. Such being the case, and it being appellant’s responsibility to establish error on the record, we have no alternative except to affirm the judgment appealed from. Kersey v. State, 73 Fla. 832, 74 So. 983; Esch v. Forster, 123 Fla. 905, 168 So. 229; Howland v. Cates, Fla., 43 So.2d 848 (text 851).
Affirmed.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.