TERRELL, Justice.
This was a suit by appellee as complainant for declaratory decree. The complaint prayed that the rights of the parties to a certain business known as Circle Bar and Restaurant be adjudicated. Hazel Warbur-ton, Lawrence Wirtschafter and Hialeah-Miami Springs'Bank were named defendants. The plaintiff was granted a temporary restraining order and a receiver for the property. September 17, 1953, plaintiff moved to dissolve the temporary restraining order on the theory that all the parties had entered into stipulation by which defendants disclaimed any interest in the subject matter of the litigation. The stipulation acknowledged receipt on the part of the plaintiff of the books and papers of the business, the checks and checking account including the keys to the business. The stipulation also nullified the partnership agreement and set forth that the suit pending be and the same is hereby dismissed at the cost of the plaintiff. The Court granted the motion to dissolve the temporary restraining order. October 7, 1953, Hazel Warburton filed her answer and counterclaim, denying the material allegations of the bill of complaint and alleged that the partnership papers were executed “for the purpose of protecting the interest which the defendant, Hazel Warburton, was to have in the business.” The answer alleged an equal interest in the partnership between the plaintiff and Hazel Warburton and that the stipulation executed by all the parties September 18, 1954, was the result of “coercion, duress and pressure exerted by” the attorney who handled the original purchase and who filed this action in behalf of Lotta *851 Ford. The counter-claim prayed that the parties be decreed to be equal partners. Lawrence Wirtschafter filed his answer, denying the allegations of the complaint, but asserted no counter-claim. Lotta Ford moved to dismiss both answers and the counter-claim, said motion calling attention to the fact that at the time the motion to dissolve the temporary restraining order was granted the court called attention to the fact that the cause would be dismissed, but that the order of dismissal would be held up pending the execution of the necessary papers of assignment and turning over the business from Hazel Warburton to the plaintiff. The basis of both motions was that all questions involved had been previously adjudicated.
November 2, 1953, petition to show cause was filed by plaintiff, alleging that Hazel Warburton had withdrawn certain moneys from the bank and had not turned said moneys over to the plaintiff as directed. A rule to show cause was directed to Hazel Warburton ordering her to show why she should not be held in contempt for failure to comply with the order of the court. November 9, 1953, the court ordered Hazel Warburton to restore said funds to Lotta Ford and enjoined her from further interference with the operation of Circle Bar and Restaurant. Depositions were filed by defendants and the moneys taken from the bank were restored to Lotta Ford. The plaintiff filed her answer to defendant’s counter-claim and moved for summary final decree on the theory that no genuine issue of fact was presented. No counter affidavits were filed by defendants. On final hearing the court found for the plaintiff and granted her motion for summary final decree. Hazel Warburton has appealed from that order. The other defendants have not appeared. '
To reverse the chancellor, appellant says that the pleadings present a genuine issue of fact that should have been answered by a jury. Appellee contends on the other hand that we are not confronted with a question of fact to be decided by a jury but that we are confronted with a quest'on of law growing out of the interpretation applied to the stipulation entered into by the parties in open court and later reduced to writing, signed by the parties and made a part of the petition. Said stipulation was the basis on which the court entered its orders affecting the property, including the final decree.
A casual reading of the stipulation indicates that its purpose was to give Lotta Ford a bill of sale and beverage license to operate Circle Bar and Restaurant and to nullify the partnership agreement between Lotta Ford and Hazel Warburton as to operation and ownership of said properties. It also provided that Hazel Warburton transfer to Lotta Ford the books of account, checks, all moneys belonging to the business, all papers and contracts related to subletting the business, contracts with reference to purchase of an adding machine and an ice machine, that a check representing balance in bank to credit of the business be executed by Hazel Warburton and transferred to Lotta Ford, that the court dissolve the temporary restraining order and that the cause be dismissed at the cost of the plaintiff. Esch v. Forster, 123 Fla. 905, 168 So. 229 and 83 C.J.S., Stipulations, § 13, p. 31, are relied on to support the stipulation.
We have examined the record and find no genuine issue of fact to be decided. The matter was comprehended in the stipulation and only one of the defendants has elected to appeal. A just result was accomplished and the chancellor should be affirmed. Other questions offered have been considered but they are devoid of merit.
The decree appealed from is therefore affirmed.
Affirmed.
MATHEWS, C. J., and THOMAS, HOBSON and ROBERTS, JJ., concur.