PEARSON, TILLMAN, Judge.
The plaintiffs were present and former •employees of G. M. Dykes Iron Works, Inc., who claim an interest in an employee’s pension plan of that employer. The defendants were the corporation and the Employees Pension Board of G. M. Dykes Iron Works, Inc. An additional defendant was the Sekyd Company, which was alleged to be a debtor of the pension fund. The plaintiffs’ complaint in equity asked relief in the nature of an accounting as to the pension funds by those having control thereof, a disbursement to the plaintiffs and in addition sought the re-establishment ■of a lost instrument alleged to be a mortgage from Sekyd Company, Inc., to the pension fund.
A motion to dismiss on behalf of the Sekyd Company was addressed to the portion of the complaint relating to the re-establishment of the lost mortgage. The trial judge’s interlocutory order denying the motion to dismiss was appealed to this court and was subsequently affirmed.[1] During the pendency of the appeal in this court, the plaintiffs wishing to proceed noticed the cause for trial. The defendant, Sekyd Company, moved for a continuance and the chancellor entered an order in part as follows :
“That the trial of this cause heretofore set for 9:30 A.M., on Friday, December 18, 1959, will be confined to the issues established by the plaintiffs’ complaint as it relates to an accounting of the Employees’ Pension Board of G. M. Dykes Iron Works, Inc.”
Pursuant to this order, a trial of the cause was had and the chancellor entered a final decree which found: 1) the cause was a class suit for the benefit of all the members of the Employees Pension Plan of G. M. Dykes Iron Works, Inc.; 2) the Sekyd Company, Inc., is indebted to the Employees Pension Plan in the amount of $12,684.59; 3) money of the pension plan held in escrow and the $12,684.59 should be disbursed to certain members in stated amounts according to their interest; 4) the pension fund was indebted to certain firms and individuals; 5) the attorney for the plaintiffs be awarded a fee of $4,028.32. This appeal followed.
The appellant, Sekyd Company, assigns as error the adjudication of the amount found to be due by it and urges that the order entered by the court prior to the trial specifically excluded this issue from the trial. The appellant, Employees Pension Board of G. M..Dykes Iron Works, Inc., assigns as error that portion of the decree which directed payment to the individuals and firms named in the decree. In addition it is urged that the allowance of an attorney’s fee of $4,028.32 to plaintiffs’ attorney was without support in the record. Certain other procedural matters have been assigned as error and have been *762 examined by the court. In view of the trial judge’s order reserving the issues upon the re-establishment of lost instrument for trial of a latter date, we hold that portion of the decree determining the amount due from Sekyd Company, Inc. to the Employees Pension Plan was premature.
An examination of the record reveals no evidence upon which the indebtedness of the fund to certain firms and individuals not members thereof can be based. These items must be stricken without prejudice to a determination of the indebtedness upon rehearing.
The chancellor found that the proceedings before him in this cause were by the plaintiffs in their own right and in behalf of all other members of the Employees Pension Plan of G. M. Dykes Iron Works, Inc., to require an accounting for the proceeds received by the defendants as pension funds and not lawfully used. There is evidence in the record to support this finding and therefore the allowance of an attorney’s fee to the attorney for the plaintiffs was proper. See Esch v. Forster, 123 Fla. 905, 168 So. 229; Jacksonville Express Authority v. Henry G. Du Pree Co., Fla.1959, 108 So.2d 289, 294, 69 A.L.R.2d 1445. However, the record is devoid of evidence to substantiate the amount allowed. There is evidence that certain of the plaintiffs had employed the attorney of record and that at least one of them has agreed to pay him ten per cent of his recovery. This measure of the attorney’s fee is not binding upon other members of the class who did not so contract nor is the contract to pay ten per cent of the recovery a measure of the reasonable value of the services, although it may be evidence tending to establish such a criterion. Therefore the award of the attorney’s fee in an amount equal to ten per cent of the fund is reversed with directions to the chancellor to take evidence upon this issue and to award a reasonable fee based upon the evidence submitted.
The final decree is affirmed in all particulars except as above set forth in this opinion and as to those particulars it is reversed and the cause is remanded for the taking of further testimony and the entry of an amended final decree not inconsistent with this opinion. It is noted that the individual amounts directed to be paid to the members of the plan may be different in the amended final decree; however, the percentages represented by said amount have not been challenged.
In addition it is noted that the decree directs that the amount owed by Sekyd Company be paid to an escrow agent who is the attorney for the plaintiffs. Upon oral argument it appeared without dispute that the liquid funds of the pension plan were at the time of the final decree held by this attorney in an escrow account and that checks upon this account require not only the signature of the attorney but also the signature of one of the defendants. Upon entry of the amended final decree it will be in keeping with better practice to require the payment of additional funds into the account to which these two individuals are trustees rather than to an attorney for the parties.
Affirmed in part and reversed in part and remanded.

. Sekyd Company v. Deheneffe, Fla.App. 1960, 121 So.2d 495.