287 So.2d 695 (1973)
Yvette CURR and Matthew William Curr, Her Husband, Appellants,
v.
HELENE TRANSPORTATION CORP., a Florida Corporation d/b/a Yellow Cab, et al., Appellees.
Nos. 73-610, 73-365, 73-366.
District Court of Appeal of Florida, Third District.
December 21, 1973.
Rehearing Denied January 25, 1974.
*696 Milton Kelner, Miami, for appellants.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellants seek review in this consolidated appeal of an order and amended order deleting two of the defendants from the final judgment and granting them a new trial as to the issue of ownership.
Plaintiff, Yvette Curr sustained serious injuries when she was struck by a taxicab which was negligently driven. Plaintiff, joined by her husband, filed suit against Louis Friedman, the driver, and the alleged owners of the taxicab. Samuel Levine, Helene Transportation Corporation and Yelmor Transportation, Inc. At the commencement of the jury trial, counsel for defendants in open court admitted liability of all the defendants. The jury, charged with the issue of damages, returned a verdict in favor of the plaintiff and her husband in the sum of $70,000 and judgment was entered thereon. Thereafter, all the defendants moved for a new trial and/or remittitur on the grounds that the verdict was excessive. In addition, Yelmor Transportation, Inc. and Samuel Levine moved that they be deleted from the judgment because they were never the owners of the taxicab in question and through excusable mistake of defense counsel they were not dismissed from the lawsuit. In support thereof, Samuel Levine filed an affidavit to which was attached a Florida motor vehicle certificate of title issued to Helene Transportation Corporation as the owner of the subject taxicab. Thereupon, the *697 court entered an order denying the motion of defendants for new trial and/or remittitur, but vacating and setting aside that portion of the judgment which pertained to the defendants, Yelmor Transportation, Inc. and Samuel Levine. The plaintiffs appealed the above order and assigned as error the failure of the trial court to amend the other appealed by specifying the grounds for new trial. The trial judge entered an amended order which granted defendants Levine and Yelmor, Inc. a new trial on the issue of ownership on the grounds that: (1) the record affirmatively showed that these defendants were not the owners of the taxicab, (2) due to excusable mistake and inadvertence these defendants were not dismissed from the lawsuit, and (3) the record is devoid of any evidence upon which a jury could have found that these defendants owned the taxicab. The plaintiffs then appealed this amended order which was consolidated with the prior appeals.
On appeal, plaintiff-appellants contend that the trial court erred in ignoring the stipulation that defendants Yelmor, Inc. and Levine were legally responsible for plaintiff's damages. We agree.
The admission by defense counsel in court at the time of trial as to the liability of all the defendants and entered on the court record was a valid stipulation which was binding upon all parties and the trial court. See 2 Fla.Jur. Agreed Case and Stipulations §§ 2, 4, 7, 8 (1963). Thus, this statement operated as a waiver of all defenses, including the defense with respect to the ownership of the taxicab. Cf. New York Cent. Mut. Fire Ins. Co. v. Diaks, Fla. 1954, 69 So.2d 786. Therefore, it was decided correctly that the only issue to try before the jury was as to the question of damages. Esch v. Forster, 123 Fla. 905, 168 So. 229 (1936).
The jury having returned their verdict and judgment having been entered thereon, we find that the trial judge erred in deleting defendants Yelmor, Inc. and Levine from the operation thereof on the grounds that they were not owners of the subject vehicle as the admission of liability amounted to a waiver of this defense.
In order to obtain relief from a stipulation, a party must make a reasonable motion to withdraw stipulation supported by an affidavit showing good cause. However, no relief will be given where it appears that it was voluntarily undertaken and there is no indication that the agreement was obtained by fraud, misrepresentation, or mistake of fact. 2 Fla.Jur. Agreed Case and Stipulations § 17 (1963). In the case at bar, defense counsel's admission of liability of all defendants was made voluntarily and without the presence of fraud, misrepresentation or mistake of fact. Cf. Brinson v. Tomlinson, 264 F.2d 30 (5th Cir.1959). Further, we find that the defendant Levine's affidavit filed in support of the motion to delete insufficient because the certificate of title and registration naming Helene Transportation Corporation the owner of the taxicab (which is merely naked legal title) does not determine ownership in considering tort liability arising out of the operation of an automobile. See Cox Motor Company v. Faber, Fla.App. 1959, 113 So.2d 771. We note also that a review of the record revealed that in his deposition defendant Friedman testified that Yelmor Transportation, Inc. owned the subject vehicle. Therefore, we conclude that the trial judge abused his discretion in deleting defendants Levine and Yelmor, Inc. from the final judgment of February 12, 1973 and thereby relieving them from the stipulation as to liability. We hold that the sanctity of the admission at the time of trial must be preserved.
For the reasons stated hereinabove, we reverse the April 19, 1973 amended order deleting the above two defendants from the final judgment and granting them a new trial on the issue of ownership, and remand the cause with directions to enter a new order denying the motion to delete and holding all defendants liable on the February 12, 1973 final judgment.
Reversed and remanded with directions.