HOBSON, Acting Chief Judge.
Charles R. Holley appeals an order denying relief to the members of a class represented by Mr. Holley as a member. We reverse.
On March 9, 1977, Mr. Holley was issued a parking ticket by the City of Naples, Florida. Thereafter he filed a two-count complaint against the city alleging that the city had been issuing illegal parking tickets since January 1, 1973, when the Naples Municipal Court was abolished. In Count I Holley demanded restitution for the $2 he had paid on the ticket issued to him. In Count II Mr. Holley demanded restitution for all of the parking citations improperly issued by Naples on behalf of himself and all persons similarly situated.
The court found that Holley was entitled to recover and that the class action was proper. At trial the city presented evidence which indicated that all of the members of the class could not be determined from the records maintained by the city. The city had no records of the identities of persons who had paid tickets from January 1, 1973 to February 20, 1976, and only the tag numbers for tickets issued after February 20, 1976.
Based on this evidence the court denied relief on the class action on the basis that the members of the class were unascertainable.
This case appears to be of first impression in Florida, but we are persuaded by the reasoning in Daar v. Yellow Cab Co., 67 Cal.2d 695, 63 Cal.Rptr. 724, 433 P.2d 732 *502 (1967) that so long as the existence of an ascertainable class has been shown, there is no need to be able to identify the individual members of the class to determine the issues affecting the class. The trial court can determine the total amount of fines paid on the illegal parking citations and enter judgment. After judgment each individual member of the class must prove his or her identity and the amount paid on the illegal parking citation in order to recover.
Mr. Holley has also moved this court to award attorney fees, apparently relying on the rule that a court may, in its discretion, allow attorney fees from a common fund where an action has created, preserved, or increased a common fund in which others may share. See 8 Fla.Jur., Costs § 37; G. M. Dykes Iron Works, Inc. v. Dehenffle, 131 So.2d 760 (Fla.3d DCA 1961). We recognize the applicability of this rule to the facts of the instant case but we deny the motion without prejudice. Mr. Holley may file a motion for attorney fees in the trial court. If the trial court grants the motion, the reasonable value of Mr. Holley’s services should then be determined after the amount of the fund has been established. Each individual member of the class should bear his or her proportionate share of attorney fees.
The portion of the trial judge’s order denying relief on Count II is reversed and the cause is remanded for further proceedings consistent with this opinion.
BOARDMAN and OTT, JJ., concur.