## POST et al. v WALLACE, et al.

Case No. 84-20535 CC 05

County Court, Dade County, Florida

January 7, 1985

### APPEARANCES OF COUNSEL

**Malcolm B. Wiseheart, Jr., P.A.,** for plaintiff.

**Barbara Malone,** Legal Services of Greater Miami, Inc., for defendant.

### OPINION OF THE COURT

THOMAS G. O'CONNELL, County Judge.

THIS CAUSE came on to be heard by me on December 14, 1984, upon the Motion for New Trial filed by Defendant, Martha Wallace, at

which time the Court heard arguments of counsel. The grounds urged as a basis for a new trial are that the Court failed to grant the Defendant leave to amend her pleadings at the time of the trial of this matter and the fact that the Clerk of the County Court issued a Writ of Possession prior to the expiration of the time for filing a motion for new trial.

The Court declined to grant the Defendant leave to amend her pleadings at the time of trial for the following reasons:

(1) The Defendant filed, with the assistance of counsel, a *pro se* Answer in these proceedings on November 21, 1984. These proceedings are for removal of tenant and travel under the Florida Rules of Civil Procedure as modified in the Summary Procedure set out in Chapter 51 of the Florida Statutes. The Answer filed by Defendant was required by Florida Statutes Section 51.011(1) to contain "all defenses of law or fact" and any counterclaim was required to be incorporated in the Answer. Florida Statute Section 51.011(1) further provides that "no other pleadings are permitted."

(2) On or about November 30, 1984, the Defendant, without seeking leave of Court, purported to file an additional pleading entitled "Amended Answer, Affirmative Defenses, and Counterclaim".

(3) The Defendant never filed a written motion for leave to amend her Answer or to file an omitted Counterclaim.

(4) Defendant waited until the time scheduled for non-jury trial, at which time she requested the Court, *ore tenus*, for leave to file her amended pleadings.

(5) The Plaintiff would have been prejudiced by the granting of the relief sought by the Defendant in the following respects: Defendant's amended pleadings raised new defenses not previously raised in the Defendant's original Answer; the Defendant's amended pleadings demanded jury trial whereas jury trial had been waived by the Defendant in that the Defendant had failed to demand jury trial either at the time of filing her Answer or within five days after the cause became at issue as required by Florida Statute 51.011(3); the granting of leave to the Defendant to amend her pleadings would have necessitated a postponement of trial for the purposes of scheduling a jury trial as well as for the purpose of permitting the Plaintiff additional time in which to respond to the Defendant's Affirmative Defenses and Counterclaim and Defendant had failed to deposit any funds in the registry of the Court which might have been used to compensate the Plaintiff for the Defendant's continued use for the Plaintiff's property until such time as a rescheduled jury trial could be conducted.

2

(6) In any event, Defendant was not prejudiced by the Court's refusal to grant the Defendant's *ore tenus* motion to amend her pleadings in the circumstances of this particular case. At the time of the trial of this matter, the Court temporarily reserved ruling on the Defendant's *ore tenus* Motion to amend her pleadings and allowed the Defendant to present her entire case and all of her witnesses, as if the Defendant had been granted leave to amend her pleadings. Having heard all of the testimony, however, the Court found that there was no sufficient factual basis for the Defendant to amend her pleadings to raise the defenses sought and that justice did not so require.

With respect to the Defendant's second grounds for urging new trial, namely, that the Writ of Possession in this case was improperly or prematurely issued by the Clerk of the Court, it appears that the issuance of the Writ was done in accordance with Rule 1.580, Florida Rules of Civil Procedure. Rule 1.580, Florida Rules of Civil Procedure provides, and has provided since January 1, 1981, as follows:

> When the judgment or order is for the delivery of possession of real property, the judgment or order shall direct the Clerk to issue a Writ of Possession. The clerk shall issue the Writ *forthwith* and deliver it to the Sheriff for execution. (Emphasis added).

Accordingly, it does not appear that the Writ of Possession was issued improperly or prematurely. Nor, was the Writ of Possession issued with such dispatch in this case as to deprive the Defendant of any opportunity for post-judgment review, should she have sought same in timely fashion. The Court announced its ruling that judgment for possession would be entered for the Plaintiff at the time of trial of the cause, namely, on December 5, 1984. The Order Granting Judgment on the Pleadings was entered on December 7, 1984. The Defendant was not served with a copy of the Writ of Possession and the "Twenty-four Hour Warning", required by Florida Statute Section 83.62 until December 10, 1984. The Defendant, apparently, chose to ignore the "Twenty-four Hour Warning" which had been posted on the premises and, accordingly, she was removed from possession by the Sheriff of Dade County two (2) days later, on December 12, 1984, which was one week from the date upon which the Court first announced its ruling on the merits of this case. No application to the Court for stay of execution of judgment or other emergency relief was made by the Defendant in this case until the Defendant had actually been removed from the premises.

Now that the Defendant is no longer in possession of the subject premises, the Defendant's application for post-judgment relief is moot.

3

*See, San Sebastian Apartments, Inc. v. Nachman,* 204 So.2d 219 (Fla. 3d DCA 1967). Accordingly, for the foregoing reasons, it is

ORDERED AND ADJUDGED that the Motion for New trial filed by Defendant, Martha Wallace be, and it is, hereby denied.