# GENE B. GLICK CO., INC. v OLIVER, et al.

## Case No. 89-2117 CCH

County Court, Broward County

August 29, 1989

### APPEARANCES OF COUNSEL

**Marc Alan LeBlanc,** Wiseheart & Joyce, P.A., for plaintiff.

**Abbe Cohn,** Legal Services of Broward County, Inc., for defendants.

### OPINION OF THE COURT

ROBERT S. ZACK, County Judge.

*FINAL ORDER DENYING DEFENDANT EMERGENCY RELIEF*

THIS CAUSE came before the Court on August 11, 1989, upon the Defendant's Motion for Emergency Relief and upon the Court's own initiative and the Court, having entertained testimony and taken evidence from both the Defendant and the Plaintiff, makes the following findings of fact pertaining to this matter:

*FINDINGS OF FACT*

1. On or about December 9, 1988, Plaintiff, GENE B. GLICK CO.,

INC. d/b/a CAMBRIDGE SQUARE OF LAUDERDALE LAKES, entered into a written Lease Agreement, as Lessor, with Defendant, TRACYEE OLIVER, as Lessee, with respect to the residential premises known as 3681 N.W. 21st Street, Apartment 211, Lauderdale Lakes, Florida 33311.

2. The subject apartment was leased pursuant to a Housing and Urban Development ("H.U.D.") "tenant assistance payment" program commonly known as "Section 8." The market rental rate for the subject apartment was $319.00 per month.

3. Under the Section 8 program, H.U.D. was to pay all but $4.00 of the Defendant's monthly rental payments of $319.00. Plaintiff, for its part, was required by the Federal program to collect Defendant's portion of the monthly rent in a timely fashion. The rental payments were due on the first day of each month.

4. On March 1, 1989, Defendant failed to pay her monthly rental payment of $4.00. Consequently, on March 13, 1989, as required by the terms of her lease, Defendant was served with a ten-day notice demanding payment of Defendant's rental obligation for the month of March, 1989. Defendant failed to tender the above stated rental payment prior to the expiration of the ten-day period and Plaintiff thereafter filed an action for eviction on March 27, 1989.

5. On April 10, 1989, the Defendant and Rae Ezzo, agent for the Plaintiff, entered into a Stipulation for Judgment and Writ of Possession whereby the Defendant stipulated that Plaintiff was entitled to Judgment for possession of the premises but that Defendant would be allowed to remain in possession of the premises provided that certain stipulated payments were made in a timely fashion by Defendant. In the Stipulation the Defendant agreed to pay the Plaintiff $38.00 on the tenth (10th) day of May, June, and July, 1989, and $41.15 on August 10, 1989. The stipulation specifically provided that in the event of any further default of payment, the Plaintiff would be entitled to a Final Judgment for possession of the subject premises with Writ of Possession to issue "forthwith" upon filing of an Affidavit of Non-Payment. The terms of the Stipulation were fully explained to the Defendant by Plaintiff's agent, Rae Ezzo.

6. Defendant fully understood the nature of the Stipulation and the consequences of non-payment and voluntarily entered into same. Notwithstanding the Stipulation, however, on July 10, 1989, Defendant failed to make the required payment on the subject stipulation and Plaintiff began, once again, its efforts to regain possession of the demised premises.

7. In response to Plaintiff's Motion for Final Judgment and Writ of Possession and Affidavit of Non-Payment, a Final Judgment for Removal of Tenant was entered on July 18, 1989, and a Writ of Possession was issued by the Clerk of the Court on July 19, 1989.

8. Thereafter, on July 24, 1989, the Defendant, TRACYEE OLIVER, *pro se,* filed a Motion entitled "Motion to Vacate Default and Motion to Stay Writ of Possession" with the Court. The said Motion failed to allege, with sufficient clarity, grounds to set aside a Final Judgment as required by Rule 1.540, Florida Rules of Civil Procedure, or to allege "good cause" sufficient to stay the Writ of Possession as required by Rule 1.550(b), Florida Rules of Civil Procedure. Accordingly, the Motion was denied on July 25, 1989.

9. Defendant subsequently obtained legal representation from Legal Aid Service of Broward County, Inc., which filed, on July 26, 1989, Defendant's Motion to Stay Writ of Possession. The gravamen of the said Motion to Stay was that the Writ of Possession had allegedly been issued prematurely by the Clerk of the County Court in that the Clerk issued the Writ one (1) day after the issuance of the Final Judgment for Possession. Defendant contended that the Writ should not have been issued until the time for the filing of a Motion for Re-Hearing had expired or until such motion, if filed, had been determined by the Court. The Defendant here overlooked the fact that Rule 1.580, Florida Rules of Civil Procedure, specifically provides that the "clerk shall issue the writ forthwith and deliver it to the sheriff for execution" when a "judgment or order is for the delivery of possession of real property." See, IN RE: AMENDMENTS TO RULES OF CIVIL PROCEDURE, 536 So.2d 974 (Fla. 1988) at 975. See also, *Post v Wallace, et al.,* 15 Fla. Supp. 2d 1 (1985). Moreover, the Defendant also overlooked the fact that, irrespective of the language of Rule 1.580, the parties' stipulation specifically provided that the Writ of Possession in this case would issue "forthwith" in the event of default. While other grounds were also alleged in the Defendant's Motion to Stay, the Motion contained no request for the Court to set the amount of supersedeas bond pending the indefinite stay requested and indicated no willingness to post bond in any amount. Accordingly, the said Motion was denied on July 26, 1989.

10. Defendant, by and through counsel, next filed a Notice of Appeal and a Motion for Stay Pending Review. In her Motion, Defendant offered to post a supersedeas bond but demand that the bond be set at no more than Four ($4.00) Dollars. Defendant/Appellant's (second) Motion for Stay Pending Review was denied by this Court on July 28, 1989. Defendant failed to seek appellate review of this Court's denial of

either of the Motions for Stay by Motion in the Appellate Court as made available to her pursuant to Appellate Rule 9.310(f).

11. Consequently, on July 31, 1989, the Writ of Possession previously issued by the Clerk of the Court was executed by the Sheriff of Broward County and the Plaintiff was placed into possession of the subject premises.

12. On August 1, 1989, Defendant/Appellant, by and through counsel, filed a Motion entitled "Motion for Summary Reversal Or, In The Alternative, To Post Reasonable Supersadeas," in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Once again, instead of offering to post a supersedeas in an amount reasonably calculated to cover "costs, interest, fees, damages for delay, use, detention and depreciation of property" as required by Rule 9.310(c)(2) of the Florida Rules of Appellate Procedure, Defendant demanded that she pay only $4.00 as a supersedeas. Said Motion remains pending.

13. On August 3, 1989, Defendant/Appellate filed a Motion for Emergency Hearing with the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, along with a Motion entitled "Amended Motion for Summary Reversal Or, In The Alternative, To Post Reasonable Supersedeas," with the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County. These motions also remain pending.

14. On Friday, August 11, 1989, at 9:00 A.M., as described above, this Court, on its own motion, scheduled a hearing on the merits with respect to the issues raised in this case.

15. At the above-described hearing, Defendant alleged that she had delivered a money order in the amount of $40.00 to the Plaintiff's office on July 19, 1989, and that Plaintiff had accepted same. Defendant argued that, inasmuch as acceptance of a rental payment constituted a waiver, the Final Judgment and Writ of Possession had been improperly issued. This Court, however, has found the testimony of Rae Ezzo, agent for Plaintiff, to be more credible in the matters concerning the subject money order. Mrs. Ezzo testified that the Defendant did, in fact, tender a money order in an *untimely* fashion by slipping said money order through the mail slot in the door of the rental office. Mrs. Ezzo found the money order on July 19, 1989, at the beginning of the business day, and returned the subject money order, by certified mail, to the Defendant on the same day. The Defendant, in fact, acknowledged that she had received the subject money order in the mail.

16. Defendant also insisted that it was "unconscionable" for Plaintiff

211

to proceed with eviction proceedings against the Defendant inasmuch as the Defendant was allegedly in the hospital having a "brain tumor removed" on July 10, 1989, the same day that the Defendant was to have made payment pursuant to the parties' stipulation. However, the testimony elicited by Defendant's own witness, Susan Cantrell, the Records Custodian of Humana Hospital, 8209 West Broward Boulevard, Plantation, Florida, and by the Defendant, herself, clearly established that the Defendant had been admitted to the Emergency Room of Humana Hospital at approximately 10:45 A.M. on July 10, 1989, *only for outpatient care,* and was released at around 12:10 in the afternoon. The Court finds that the Defendant's outpatient treatment at Humana Hospital does not excuse Defendant's default on the Stipulation which ultimately led to her eviction.

## CONCLUSIONS OF LAW

17. It is well established that a Stipulation properly entered into and relating to the matters upon which it is appropriate to stipulate is binding upon the parties and upon the Court. *Dorson v Dorson* 393 So.2d 632 (Fla. 4th DCA 1981).

18. Indeed, Courts look with favor on stipulations designed to simplify, shorten or settle litigation and save costs to parties, and such stipulations will be encouraged and enforced by Courts unless good cause is shown to the contrary. *Esch v Foster,* 168 So. 229 (Fla. 1936).

19. The facts of this case clearly establish that the parties to this cause entered into a binding stipulation whereby a sum certain was to be paid on a definite date. Defendant failed to meet the obligation that she voluntarily accepted pursuant to said Stipulation and the consequences of her failure to make said payments can rest on no one but herself.

20. Defendant, through the numerous pleadings filed with the Court as described above, has attempted to convince this Court that Defendant's default was "de minimus" inasmuch as Defendant's rental payments were only $4.00 per month and the July payment required by the Stipulation, which Defendant failed to pay, was only $38.00. This Court, however, finds that Defendant's "de minimus" argument is inappropriate in the circumstances of this case, namely, where the parties have voluntarily entered into a stipulation which specified the exact payments to be made by dates certain and specified the consequences of non-compliance.

21. Defendant has also attempted to persuade the Court that the

212

Plaintiff accepted monies from the Defendant after the default on the Stipulation had occurred—-specifically, on July 19, 1989—-and that Plaintiff should have been barred by Florida Statutes § 83.56(5) from proceeding with this action. While it is true that Florida Statutes § 83.56(5) provides that a landlord who accepts rent with actual knowledge of the non-compliance by the Tenant waives his right to terminate the rental agreement or to bring a civil action for that non-compliance, the burden was on the Defendant to establish that such acceptance had occurred. Defendant, however, admitted in open Court that the Plaintiff had mailed to her the check which she placed under the Plaintiff's door on July 19, 198, and that she received the check in the mail. Clearly, there was no acceptance of rent after Defendant's default and, consequently, there was no waiver.

22. Nor does this Court find compelling Defendant's argument that non-payment of rent by a "Section 8" tenant is insufficient grounds, or is not "good cause," for eviction. Indeed, 24 CFR 880.607(b)(3) provides that non-payment of rent or any other financial obligation due under the lease after the expiration of any grace period permitted under State law constitutes a substantial violation of the lease and thereby constitutes a material non-compliance with the lease. This Court is persuaded that there was a material non-compliance of the provisions of the lease by Defendant and that Plaintiff acted within its rights with respect to same.

23. Finally, this Court finds that Defendant's application to set aside the Final Judgment and Writ of Possession in this cause is moot inasmuch as the Defendant has already been dispossesed of the demised premises. *Post v Wallace, et al.,* 15 Fla. Supp.2d 1 (1985); See, *San Sebastian Apartments, Inc. v Nachman,* 204 So.2d 219 (Fla. 3d DCA 1967). Therefore, based upon the foregoing findings of fact and conclusions of law it is

ORDERED AND ADJUDGED as follows:

1. That Defendant's Petition for Emergency Relief be, and it hereby is, denied.

2. That the Plaintiff is the prevailing party in the said matter.

3. That the Court shall retain jurisdiction of the subject matter hereof and over the parties hereto for the purposes of considering applications to tax costs and attorney's fees.

DONE AND ORDERED at Hollywood, Broward County, Florida, this 29th day of August, 1989.