LUTEN, CLAIRE K., Associate Judge.
Citizens National Bank appeals from a final judgment in favor of Winthrop Gil-man. The Bank brought suit to recover a deficiency balance due under a promissory note which it alleged was personally guaranteed by Gilman. Gilman argued his signature was a forgery.
Shortly before trial, Gilman provided other handwriting specimens. The Bank’s expert required additional time to review these samples, and was not prepared to testify. The Bank moved to exclude the testimony of Gilman’s handwriting expert based upon the untimely delivery of the additional exemplars. The trial court granted the motion stating:
Due to the failure to respond, the Court will exclude the witness at this time. The Court will continue the expert testimony portion of this trial until a later date and will take all the rest of the testimony (T-52).
Additionally, Mrs. Gilman, a rebuttal witness subpoenaed by the Bank, failed to appear for trial. The Bank requested that if any portion of the proceedings were continued by the Court, Mrs. Gilman be required to testify. The Court reserved ruling on the request.
*344 If, after all the testimony had been presented on the trial date, Gilman had attempted to move for an involuntary dismissal of the case, he would have been precluded under Florida Rule of Civil Procedure 1.420(b) from doing so. As the expert testimony had not been heard, the Bank had not completed presenting its evidence. Equally so, the trial court cannot fairly conclude that the Bank had fully presented its case and cannot enter a judgment against it.
In view of the trial court’s decision to continue the expert testimony to a later hearing, the judgment is premature. See G.M. Dykes Iron Works, Inc. v. Dehenffe, 131 So.2d 760 (Fla. 3d DCA 1961).
Additionally, the court reserved ruling on whether Mrs. Gilman should be required to testify, and the Bank is entitled to have that question resolved.
Accordingly, we reverse the final judgment in this case and remand to the trial court for the purpose of receiving expert testimony and any other testimony it feels proper and necessary.
RYDER, A.C.J., and LEHAN, J., concur.