## HOME INS. CO., NEW YORK v. EISENSON et al.

## COUNTY FIRE INS. CO. OF PHILADELPHIA v. EISENSON et al.

### Nos. 12929, 12930.

United States Court of Appeals, Fifth Circuit.

April 14, 1950.

Wm. Fisher, Pensacola, Fla., for appellant.

Thomas Sale, Panama City, Fla., for appellees.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Tried together below, the suits from the judgments in which these appeals come were actions on business interruption [1] policies [2] to recover loss and damage to their business resulting from a fire.

The claims were that as a result of the fire, plaintiffs had lost in profits, and in continuing expenses insured against, the sum of $20,000.

Admitting the fire and that there was some loss, defendants mainly relied on two defenses, numbered fourth and fifth.

The fifth defense, based on the willful misrepresentation, fraud and false swearing provisions of the policies,[3] was that the policies were rendered completely void and unenforceable "by reason of the wilful misrepresentations by the Plaintiffs in their proof of loss of material facts and circumstances concerning the same insurance and the subject thereof".

The fourth defense was that plaintiffs were required by the coinsurance clause [4] to carry insurance in an amount equal to 80 percent of the risks insured against, that plaintiffs had failed to do this, and were therefore coinsurers as to, and must share in the loss to the extent of, the difference between the 80 percent required and the actual insurance carried.

At the trial before the court without a jury, it was stipulated that the repairs and replacements of the damaged property of the appellees could have been accomplished and business resumed within a six months period from the date of the fire. That left, then, for determination: the proper figures of net profits; the necessary continuing ex-

**1.** 29 Am.Jur., Insurance, § 1093.

**2.** Each of the policies fixing a maximum of not exceeding 12 months from the date of loss provided:

"This policy, covering in the aggregate amount of $7152.00 applied pro rata to each of the following amounts:

"Item 1. $12,000.00 On (a) the net profit which is thereby prevented from being earned and

"(b) such charges and other expenses, including salaries of officers, executives, department managers, employees under contract and other important employees, as must necessarily continue during a total or partial suspension of business, to the extent only that such charges and expenses would have been earned had no fire occurred.

"This Item (1) covers expense of necessary heat, light and power, the cost of which is prevented from being earned during the time of total or partial suspension of business caused by fire. This Item (1) does not cover any portion of the insured's ordinary payroll expense described in Item II.

"Item II. $2300.00 On the insured's entire ordinary payroll expense for a period of time not in excess of ninety consecutive days immediately following date of loss, which may continue during a total or partial suspension of business, covering only to the extent necessary to resume the normal business of the insured with the same quality of service which existed immediately preceding the fire, and which would have been earned had no fire occurred.

"This Item (II) does not cover any portion of salaries described in Item 1."

**3.** "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

**4.** "4. Co-Insurance Clause—It is a part of the consideration of this policy, and the basis upon which the premium is fixed, that the assured shall at all times maintain insurance on Items I and II of this policy of not less than,

"(a) Under Item I, 80% of the sum of the annual net profits and the annual amount of all charges and other expenses of any nature continuing or not (except the expense of heat, light and power to the extent that such expense does not continue under contract and the insured's entire ordinary payroll expense) that would have been earned (had no fire occurred) during the twelve months immediately following date of loss.

"(b) Under Item II, 80% of the insured's entire ordinary payroll expense, excluding only salaries described in Item I, that would have been earned (had no fire occurred) during the ninety consecutive days immediately following date of loss,

and that, failing so to do, the assured shall be an insurer to the extent of such deficit, and in that event shall bear his, her or their proportion of any loss."

pense for six months time subsequent to the fire; the necessary ordinary payroll expense for the ninety days following the fire; and also the figures necessary to be determined as provided for by the coinsurance clause.

Throughout the course, and at the conclusion, of the trial, defendants vigorously urged, as their principal contention, that in violation of the fraud provisions of the policies, plaintiffs had concealed or misrepresented material facts or were guilty of fraud and false swearing and there could be no recovery on the policies.

As their alternative contention, they urged that under the coinsurance clause of the policies, plaintiffs' recovery must be greatly limited.

On the fraud issue, the district judge found that plaintiffs had not been guilty of misrepresentation or false swearing within the meaning of the invoked clause of the policy so as to defeat their recovery.

On the coinsurance issue, he found that the total loss sustained by plaintiffs was greatly less than the total maximum liability of defendants under the two policies, and that this established conclusively that plaintiffs had carried and maintained insurance in an amount not only equal to the eighty percent of liability required by the coinsurance clause but in an amount far in excess of one hundred percent of such liability. Upon this finding he rejected defendants' claim that plaintiffs were coinsurers and their recovery must be accordingly reduced, and, finding for plaintiffs, under Item I of the policy, for lost profits, $2500, and, for continuing expenses, $2275.87, and under Item II for $1544.08, he gave judgment against each defendant for its proportionate share of this recovery, with attorneys' fees and a penalty of ten percent.

Defendants moved to set the court's findings and decision aside, or, in default thereof, for their amendment so as to give effect to the coinsurance clause, insisting that under Item I, plaintiffs should have

recovered only $2881.70, and under Item II, only $548.09.

Their motions denied, defendants-appellants are here urging that, because of their false swearing, it was error: (1) to allow plaintiffs any recovery; and (2) that, if not, it was error not to diminish their recovery by application of the coinsurance clause.

■ Appellees, on their part, conceding, as they must, the validity of the clause avoiding the policies for false swearing, urge upon us that the finding of the district judge, that there was no breach of it, is supported by ample evidence, and that, unless the recovery is to be diminished under the co-insurance clause, the judgment must be affirmed.

We agree with appellees that this is so.

As to the coinsurance clause, we agree with appellant that the reason given by the district judge for holding plaintiffs not coinsurers will not stand up, and that the question of whether, and to what extent, plaintiffs are coinsurers is to be determined on entirely different considerations.

As applied to ordinary fire insurance on property, "Co-Insurance clauses in substance require of the assured to maintain insurance on each item of property insured equal to its actual cash value, or a certain percentage thereof, and failing to do so, make the assured as insurer to the extent of the deficiency, and require the assured, as such co-insurer, to bear his proportionate part of loss on each item." 24 Tex. Jur., Insurance, § 223, p. 1016.[5]

"Co-insurance means a relative division of the risk between the insurer and the insured, dependent upon the relative amount of the policy and the actual value of the property insured thereby." Cyclopedia of Insurance Law, Couch, Vol. 7, § 1845.[6]

■ In short, co-insurance clauses are designed to compel the insured, either as self insurer or otherwise, to carry insur-

5. Commercial Union Assurance Co. v. Preston, 115 Tex. 351, 282 S.W. 563, 45 A.L.R. 1016.

6. 29 Am.Jur., Insurance, § 1181.

ance on the risk in an amount equal to the percentage of its value fixed by the particular clause. Though such clauses are generally held enforceable, in the absence of a statutory prohibition to the contrary, they are entirely prohibited by statute in some jurisdictions, greatly restricted in others, and subject in all to a strict construction and the requirement of strict proof.

 While appellants, as they were obliged to do, did plead the co-insurance clause in defense, they tried the case on the facts below, they have presented it here, as though the burden were upon appellees to show that they were not co-insurers instead of, as it was,[7] upon appellants to convince that they were. They tried it, too, there and here, as though the experience of the business before the fire was the controlling factor, indeed conclusive in the application of the coinsurance clause. The policy provides directly to the contrary. Clause 4(a), the coinsurance clause for Item I, fixes the amount required as "80 percent of the sum * * * that would have been earned (had no fire occurred) during the 12 months *immediately following the date of loss*" (emphasis supplied). Clause 3,[8] "Experience of the Business", gives this provision further emphasis by providing "that the amount * * * covered under Item I. and Item II. shall be determined * * * for the application of the coinsurance clause *by giving due consideration to the experience of the business before the fire and the probable experience thereafter*" (Emphasis supplied).

 The defendants offered no evidence as to the probable experience after the fire,

but below and here insisted on the determination of the matter based entirely on the experience of the business before the fire. Nor was there any evidence offered as to the circumstances and conditions under which the amount of $12,000, carried on Item I and $2300, carried on Item II were fixed.

In this state of the record, we do not believe that, though he gave a wrong reason for it, the conclusion of the district judge, that the defendants had not sustained their burden as to this clause, should be, on this record, overturned as wrong. The judgments are affirmed.

---

7. 26 C.J. p 500 and cases cited note 92; 46 C.J.S. Insurance, § 1296b pages 350 to 352 and cases cited; Cooley's Briefs on Insurance, § 5147.

In Camden Fire Ins. Ass'n v. Wandell, Tex.Civ.App., 195 S.W. 289, at page 292, the court said:

"This assignment is overruled. Appellant, having failed to plead the clause of the policy set out in the assignment as a defense, and failed to prove facts sufficient to show that it was entitled to a reduction of the amount of loss suffered by appellee because of the coinsurance

clause, has not shown itself to be entitled to any such reduction."

8. "3. Experience of the Business—the amount of net profit, charges and expenses covered under Item I or Item II, shall be determined, whether for the purpose of ascertaining the amount of loss sustained or for the application of the co-insurance clause, *by giving due consideration to the experience of the business before the fire and the probable experience thereafter.*" (Emphasis supplied.)