487 So.2d 59 (1986)
KEYES INVESTORS SERIES 20, LTD., Appellant,
v.
DEPARTMENT OF STATE, Appellee.
No. BH-485.
District Court of Appeal of Florida, First District.
April 1, 1986.
Jeri D. Dresner of Berman & Ergas, Bruce D. Friedlander, Miami, for appellant.
Patricia V. Russo, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an administrative order which determined that the Department of State was empowered to impose a filing fee upon receipt of appellant's amendment to its certificate of limited partnership. We affirm the order appealed.
Appellant asserts that when it filed an amendment to its certificate of limited partnership in 1982, deleting a provision *60 regarding the removal of the individual general partner, the Department of State lacked authority to impose a filing fee. Section 620.02(2), Florida Statutes, as then effective, provided that:
The fees of the Department of State under this chapter shall be as follows:
.....
(b) For receiving, filing and indexing certificates, statements, affidavits, decrees or any other papers provided for by this chapter, a filing fee in each case to be paid at the time of first filing... .
Section 620.24(2) required that a certificate of limited partnership be amended if a change were made with regard to a statement in the certificate. As appellant's petition for an administrative hearing conceded, the amendment to its certificate of limited partnership was thus a document "provided for" by Chapter 620, Florida Statutes. Since section 620.02(2)(b) expressly authorized a filing fee as to papers "provided for" by Chapter 620, we conclude that the Department of State was empowered to impose such a fee in the present case.[1]
As appellant notes, section 620.02(2) was subsequently amended so as to provide a schedule of filing charges for specified documents including certificates of amendment. Appellant argues that this legislative action evidences a lack of such authority under the earlier statute. But as Ocala Breeder Sales Co. Inc. v. Division of Pari-Mutuel Wagering, Department of Business Regulation, 464 So.2d 1272 (Fla. 1st DCA 1985), indicates, a change in statutory language does not always embody an intent to change the law, and will sometimes merely effect a clarification of existing authority. We find the statutory change in the present case to be a clarifying and organizational amendment, providing a more explicit fee schedule, consistent with the Department's existing statutory authority to impose filing fees as to documents "provided for" by Chapter 620. We thus conclude that the subsequent amendment does not evidence any lack of such authority under the earlier statute.
The order appealed is affirmed.
BOOTH, C.J., and SMITH, J., concur.
NOTES
[1] The Department's interpretation of the law is consistent with its long-standing position, and as such is entitled to be given great weight by a reviewing court. Cf., Walker v. State Department of Transportation, 366 So.2d 96 (Fla. 1st DCA 1979).