489 So.2d 805 (1986)
Louis LOPEZ, Appellant,
v.
The DUBLIN COMPANY, a Florida Corporation, and Old Republic Insurance CO., a Foreign Corporation, Appellees.
No. 84-2716.
District Court of Appeal of Florida, Third District.
May 27, 1986.
Hessen, Schimmel & DeCastro, Joel V. Lumer, Miami, for appellant.
Joe N. Unger, Welsh & Telander, Miami, for appellees.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiff, Louis Lopez, appeals from a final judgment in favor of defendants, The Dublin Company and its insurer, Old Republic Insurance Company.
Lopez, a construction laborer, brought this action against defendants for injuries sustained when he fell through a hole in the floor of a building under construction. He alleged that defendant Dublin was negligent in creating the dangerous condition which caused the accident.
On June 14, 1984, plaintiff served on defendants a request for production of documents and thirty-four interrogatories. On September 4, 1984, plaintiff filed motions to compel production of documents and answers to the interrogatories.[1] The interrogatories requested, inter alia: (1) the name and address of the agent of Dublin who rendered assistance to the plaintiff, (2) *806 all factors or events which defendants contend contributed to the accident, (3) the names of the people working for Dublin at the job site, and (4) conversations between Lopez and Dublin's employees. In addition, the interrogatories asked: (1) whether Dublin was doing construction work at the time and place of the accident and specifics of that work, (2) whether Dublin had prior knowledge of the condition, (3) whether the defendants were claiming that Lopez caused the accident, and (4) whether the defendants were claiming that a third party caused the accident. The production request sought work logs, progress records for the job site, and time records of Dublin's employees who worked at the job site.
Shortly after the accident Dublin ceased doing business and declared bankruptcy. Apparently it was unable to find witnesses or documents in order to respond to plaintiff's discovery demands. In order to be relieved from complying with discovery, defendant Dublin entered into a stipulation with plaintiff, approved by the court, which provided:
1. That the Defendant, The Dublin Co., agrees and stipulates to be bound by all testimony of the Plaintiff or his witnesses concerning liability issues and will not offer any witnesses or documentary evidence contesting Plaintiff's version regarding the manner in which the subject accident occurred.
2. The parties stipulate that all pending issues as framed in the pleadings shall remain as pled and shall be ruled upon after the consideration of admissible testimony on these issues by the Court.
At trial, plaintiff testified to the following. On the day of the accident he was told by his foreman to go to the tenth or eleventh floor to strip shores from the dried concrete and to make sure no one was on the floor below him. He told the foreman on the floor below not to remove the covers from holes in the floor that provide space for air conditioning ducts and plumbing pipes because he and others were working on the floor above. The foreman told Lopez that he and his men did not have to work at that time and that they would wait until the men working on the floor above were finished. The foreman and his men on the floor below wore hats that said "Dublin" and shirts with the inscription "We do it faster  Dublin."
Approximately fifteen to thirty minutes later, as Lopez was carrying two six-foot-long shores to a stack, his right leg went through a hole and his left knee came down on the concrete. No one from Dublin had cautioned him that the cover on the hole had been removed. While Lopez remained in the fallen position at the suggestion of his coworkers, the Dublin foreman came up to his floor, admitted that he had removed the cover and apologized, explaining that there was nothing he could have done because his supervisor told him to get to work.
At trial Dublin was permitted to impeach plaintiff as to "inconsistencies" between his pretrial deposition testimony and the testimony given on direct examination at trial. The impeachment went to matters which were the subject of the frustrated discovery, of which Dublin, in some cases, had better knowledge. Particularly, plaintiff was impeached for stating in his deposition that he was unsure whether the hole in the floor was for plumbing or air conditioning fixtures, whether Dublin was an air conditioning or plumbing subcontractor, how long the hole had been uncovered, and how the material covering the hole had been removed, whereas at trial his testimony was more specific. Further, Dublin attempted to show plaintiff as unworthy of belief for not saying in deposition, as he did at trial, that he warned defendant's employees against removing hole covers while he was working and that other subcontractors were working on the building at the same time.
Plaintiff objected on grounds that the impeachment by use of the pretrial deposition examination violated the stipulation and that there were no material differences between his deposition and trial testimony. Defendants argued that the stipulation did not preclude an impeachment of *807 the plaintiff to the extent that there were any inconsistencies between the deposition and trial testimony. The trial judge, agreeing with the defendants, interpreted the stipulation as binding the defendants to the deposition testimony on liability, since no other testimony was available at the time the stipulation was executed.
We agree with plaintiff that the stipulation as construed by the court effectively punished him for the defendants' refusal or inability to provide the discovery needed by plaintiff to prove his case. The defendants' closing argument to the jury succinctly makes the point:
The point is [plaintiff] must prove that Dublin did something wrong and the only way they could try and prove that is by this witness saying Dublin did it.
Of course a better way to prove that Dublin did something wrong would have been through Dublin's business records or by the testimony of its agents  which Dublin failed to produce. The stipulation did not on its face, nor by any reasonable interpretation, contemplate that Dublin would be free to prove that none of the plaintiff's testimony on liability was believable. Instead, by terms of the stipulation Dublin was expressly bound by "all testimony of the Plaintiff or his witnesses" on the liability question, consistent with Florida Rule of Civil Procedure 1.380(b)(2)[2] which lists several sanctions available to the trial court where a party fails to comply with an order compelling discovery.
Heimer v. Travelers Insurance Co., 400 So.2d 771 (Fla. 3d DCA 1981) is instructive. There we held that a result which rewards a party for recalcitrance in discovery, and burdens an innocent party seeking discovery and sanctions with proving a previously undisputed fact, will not be tolerated. The principle applies here for the reason that, by terms of the stipulation, plaintiff's testimony on liability was unimpeachable. The parties agreed, in clear and unqualified terms, to be bound by facts as would be presented by the plaintiff. There was no room for the judicial construction that the plaintiff's testimony was subject to question for trustworthiness.
"[W]hen a case is tried upon stipulated facts the stipulation is binding not only upon the parties but also upon the trial and appellate courts and further no other or different facts will be presumed to exist." Troup v. Bird, 53 So.2d 717, 721 (Fla. 1951). Our holding here likewise is where a party, in lieu of specifying facts within the terms of the stipulation, agrees to be bound by facts which the opposing party will give at trial, the stipulation will be strictly enforced unless the court grants relief pursuant to approved procedures[3] on grounds of mistake, fraud, misrepresentation, or to prevent manifest injustice. See Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (1943); Curr v. Helene Transportation Corp., 287 So.2d 695 (Fla. 3d DCA 1974); 2 Fla.Jur.2d Agreed Case and Stipulations § 17. Reversal is required.
We need not address plaintiff's second point on appeal, which challenges the court's spirited participation in cross-examination of his expert witness, since it appears that the issue was not properly preserved for review.
Reversed and remanded for further consistent proceedings.
NOTES
[1] Although these motions sought sanctions under Florida Rules of Civil Procedure, no specific sanctions were requested.
[2] Rule 1.380(b)(2)(A), (B) provides that:

If a party ... fails to obey an order to provide or permit discovery ... the court ... may make ... the following orders:
(A) An order that the matters regarding which the questions were asked or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
[3] In order to obtain relief from a stipulation a party must file a timely motion, with notice to opposing party, supported by an affidavit showing good cause. The motion is addressed to the court's sound discretion. Curr, infra.