541 So.2d 1297 (1989)
UNITED STATES FIRE INSURANCE COMPANY, Appellant,
v.
Tom ROBERTS D/B/a Hospitality Inn, Appellee.
No. 88-2610.
District Court of Appeal of Florida, First District.
April 11, 1989.
Rehearing Denied May 4, 1989.
*1298 Michael A. Palecki of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Tallahassee, for appellant.
Stephen B. Shell of Shell, Fleming, Davis & Menge, Pensacola, for appellee.
PER CURIAM.
United States Fire Insurance Company appeals from a final summary judgment entered in favor of the plaintiff/insured Tom Roberts d/b/a Hospitality Inn. Appellant contends that the trial court erred in: (1) granting the plaintiff's motion for leave to withdraw from a pretrial stipulation; and (2) granting plaintiff's motion for summary judgment.
As to the first issue, we find that the trial court did not abuse its discretion in allowing withdrawal from the stipulation, the plaintiff having filed a timely motion, with notice to the opposing party, and supported by an affidavit showing good cause. See Curr v. Helene Transportation Corp., 287 So.2d 695 (Fla. 3rd DCA 1973); Hartford Insurance Co. v. Redding, 47 Fla. 228, 37 So. 62 (1904); Lopez v. Dublin Company, 489 So.2d 805, 807 fn. 3 (Fla. 3rd DCA 1986). The trial court properly considered the fact that the defendant had not theretofore relied to its detriment upon the stipulation. See 2 Fla.Jur.2d Agreed Case and Stipulations § 17; and Redding, supra.
As to the second issue, we find that the trial court properly entered summary judgment in favor of the plaintiff/appellee. The record shows that there were no genuine issues of material fact and that based on the undisputed facts, the plaintiff was entitled to judgment as a matter of law.
A business known as Hospitality Inn, owned and operated by appellee, sustained substantial damage as a result of a fire. Appellee filed a claim with appellant, his insurance carrier. Under the coinsurance clause of the insurance policy, appellant invoked a penalty provision because the appellee's property was undervalued. The trial court held that the policy's coinsurance clause was void for failure of the policy to include a statement in the form required under the Florida Insurance Code, specifically Section 627.701(1), Florida Statutes (1983), which provides:
627.701 Coinsurance contracts.  A property insurer may issue an insurance policy or contract covering either real or personal property in this state which contains provisions requiring the insured to be liable as a coinsurer with the insurer issuing the policy for any part of the loss or damage by covered peril to the property described in the policy only if:
(1) The following words are printed or stamped on the face of the policy, or a *1299 form containing the following words is attached to the policy: "Coinsurance contract: The rate charged in this policy is based upon the use of the coinsurance clause attached to this policy, with the consent of the insured.";
(2) The coinsurance clause in the policy is clearly identifiable; and
(3) The rate for the insurance with or without the coinsurance clause is furnished the insured upon his request.
The policy did not contain the language required by subsection one, either on the face of the policy or on a form attached to the policy. The trial court properly held that such omission rendered the coinsurance provisions of the policy void and unenforceable.
Our view of the correctness of the trial court's order is based in significant part upon the legislative history of Section 627.701. Prior to the hereinafter discussed legislative amendment in 1982, the 1981 version of Section 627.701 provided as follows:
627.701 Coinsurance contracts.  No property insurer shall issue any policy or contract of fire insurance covering either real or personal property in this state which contains any clause or provision requiring the insured to take out or maintain a larger amount of fire insurance than that expressed in such policy; nor in any way provide that the insured shall be liable as a coinsurer with the insurer issuing the policy for any part of the loss or damage which may be caused by fire to the property described in such policy; and any such clause or provision shall be null and void, and of no effect unless there is printed or stamped on the face of such policy or on a form attached thereto the words: "COINSURANCE CONTRACT. The rate charged in this policy is based upon use of a coinsurance clause attached hereto, with the consent of the insured." The rate for the insurance with and without the coinsurance clause shall be furnished the insured upon request. (e.s.)
This statutory provision was amended by Chapter 82-243, section 538, Laws of Florida, to read as indicated in the 1983 version of the statute hereinbefore quoted. As can be seen from the 1983 version, there is no express statement that the coinsurance clause is null and void if the requisite statement is not stamped on the face of the policy. Does this mean that the 1983 version of the statute should be construed to mean that a coinsurance clause which is in violation of the statute is enforceable? We believe not.
When a statute is amended, as Section 627.701 was amended in 1982, one may assume, unless a contrary indication appears, that the legislature intended the amended statute to have a meaning different from that accorded to it before the amendment. See Hall v. Oakley, 409 So.2d 93, 97 (Fla. 1st DCA 1982). In the case of Section 627.701, however, the legislative history of this change makes clear that no substantive change was intended. Specifically, the staff analysis prepared in conjunction with the house bill which became Section 627.701 (1983) provided: "This section provides the circumstances under which property insurers may issue insurance contracts with co-insurance provisions. The new language is a technical rewrite of current law to make it more readable." Staff Analysis, HB 4F, page 91. Similarly, the industry analysis prepared in conjunction with the revision of Section 627.701 commented only as follows: "A technical revision which clarifies the present language." Insurance Industry Sunset Proposal, page 1056 (emphasis added). Thus, the legislative history of this change clearly identifies the change as merely clarifying. A long existing rule of statutory construction is that mere statutory change of language does not necessarily indicate an intent to change the law, for the intent may be to clarify what was doubtful and to safeguard against misapprehension as to existing law. Keyes Investors Series 20, Ltd. v. Department of State, 487 So.2d 59, 60 (Fla. 1st DCA 1986); Ocala Breeder Sales Co. v. Division of Pari-Mutuel Wagering, Department of Business Regulation, 464 So.2d 1272, 1274 (Fla. 1st DCA 1985). In view of the statements made contemporaneously with the enactment of this amendment, the amendment *1300 was obviously intended to be merely clarifying.
This conclusion is buttressed by an additional rule of statutory construction: "The provisions of statutes enacted in the public interest should be given a liberal construction in favor of the public." Department of Environmental Regulation v. Goldring, 477 So.2d 532, 534 (Fla. 1985). The consumer protection policy embodied in Section 627.701 must be given a liberal construction in order to insure that the public interest protection intended is effectuated.
We also find support, generally, in the observation by the Fifth Circuit Court of Appeals in Home Ins. Co., New York v. Eisenson, 181 F.2d 416 (5th Cir.1950), wherein the court noted that coinsurance clauses "are entirely prohibited by statute in some jurisdictions, greatly restricted in others, and subject in all to a strict construction and the requirement of strict proof." Id. at 419.
Appellant urges that summary judgment was not justified because, even though the requisite statutory notice was absent from the policy, there was still an issue of fact as to whether the insured was aware of the existence of the coinsurance clause in the contract. We agree with the trial court's conclusion that such knowledge is of no consequence; the coinsurance clause is nevertheless void and of no effect because of the carrier's violation of the statutory requirement.
AFFIRMED.
SMITH, C.J., and ERVIN and NIMMONS, JJ., concur.