PER CURIAM.
Barth Satuloff, the plaintiff in a suit for breach of an insurance contract, appeals from a final order' granting American Reliance Insurance Company’s motion for summary judgment. We reverse.
Satuloff, a certified public accountant, purchased business owner’s insurance through American Reliance. On October 23, 1991, his computers and printers were stolen. Satu-loff submitted claims to American Reliance for the cost of replacing the stolen equipment, the loss of “business income,” and the cost of data restoration. The claim for the stolen equipment was paid; American Reb-anee now concedes that it also owes Satuloff a fixed amount of $4,272.75 for data restoration.[1] The remaining claim for business interruption damages is in dispute.
As a matter of law, Satuloff has estab-bshed his right to recover business interruption damages. See American Medical Imaging Corp. v. St. Paul Fire & Marine Ins. Co., 949 F.2d 690 (3d Cir.1991); Eisenson v. Home Ins. Co., 84 F.Supp. 41 (N.D.Fla.1949), aff'd, 181 F.2d 416 (5th Cir.1950). However, factual issues remain as to the amount due for the business interruption Satuloff experienced. Under these circumstances, the trial court inappropriately granted summary judgment. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (noting that summary judgment is inappropriate “unless the facts are so crystallized” that only questions of law remain); Chittenden v. Florida Power & Light Co., 600 So.2d 571 (Fla. 3d DCA 1992) (holding that summary judgment is inappropriate where genuine issues of material fact remain).
We therefore reverse and remand only for the purpose of determining the amount of damages to which Satuloff is entitled for his business interruption claim.
Reversed and remanded for further proceedings consistent with this opinion.

. Satuloff rejected the insurer’s tender of a settlement for data restoration because American Reliance had combined the amount admittedly due for data restoration with the disputed amount for loss of business income.