736 So.2d 31 (1999)
Terrance McGOEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1138.
District Court of Appeal of Florida, Third District.
May 19, 1999.
Rehearing Denied June 23, 1999.
*32 Andrew F. Rier, Miami, for appellant.
Robert A. Butterworth, Attorney General and Keith S. Kromash, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., GODERICH, and GREEN, JJ.
GREEN, J.
Terrance McGoey appeals his conviction and sentence for driving under the influence/manslaughter entered pursuant to a jury verdict. For the reasons which follow, we conclude that his purported pretrial stipulation with the state regarding his pre-Miranda statements made to the police was not binding. Accordingly, we reverse and remand for a new trial in which McGoey may seek the exclusion of *33 his statements through an appropriate motion to suppress[1] or seek to enter into a clear and unambiguous stipulation with the state regarding the use of his statements at the new trial.
On or about November 1, 1994, Jesus Abreu was struck and killed by a motor vehicle while riding his bicycle. McGoey was charged with being the driver of the vehicle which struck and killed Abreu. According to the state, McGoey was under the influence of alcohol and medication at the time of the accident. There were no other known witnesses to the accident.
Just prior to the commencement of the voir dire proceeding, McGoey's counsel orally moved to suppress McGoey's pre-Miranda statements made to Detective D'Hare that McGoey was on pain medication and had had a couple of beers prior to the accident.[2] The state then agreed not to elicit any such statements. Based upon this agreement, McGoey's defense counsel withdrew his motion to suppress. Shortly thereafter, the defense counsel inexplicably *34 questioned the court whether any of McGoey's pretrial statements to police would be introduced and the court, without response from the state, indicated that they would not:
[Defense]: There are no statements coming in as to Mr. McGoey?
[Court]: Correct.
The trial then proceeded with the state introducing pretrial statements made by McGoey other than those pertaining to his use of medication and/or alcohol.[3] The defense objected and at side bar moved for a mistrial on the grounds that the introduction of these statements was violative of its pretrial stipulation with the state. The state responded that it had stipulated only not to introduce any statements regarding McGoey's use of medication and/or alcohol. The trial court in apparent agreement with the state, overruled the objections and denied the motion for mistrial. On this appeal, McGoey argues, among other things, that he was denied a fair trial where the state breached the terms of the pretrial stipulation to keep out all of McGoey's pretrial statements at trial. The state responds that it only agreed not to introduce any of McGoey's pretrial statements regarding his consumption of medication and/or beers. It is clear to us, however, that there was no meeting of the minds between the parties as to the nature or scope of this purported pretrial stipulation. For that reason, we conclude that good cause exists for it not to be enforced and this cause to be remanded for a new trial.
A stipulation is an agreement, admission, or concession made in a judicial proceeding. See 2A Fla. Jur.2d Agreed Case and Stipulations § 1 (1998); see also Esch v. Forster, 123 Fla. 905, 168 So. 229, 231 (1936). The essence of a stipulation, however, is an agreement between the parties. See Arrington v. State, 233 So.2d 634, 637 (Fla.1970). An agreement is the manifestation of mutual assent by two or more persons to one another. See 1 Richard A. Lord, Williston on Contracts: A Treatise on the Law of Contracts § 1:3 (4th ed.1998); 11 Fla. Jur.2d Contracts § 1 (1997). However,
(1) There is no manifestation of mutual assent to an exchange if the parties attach materially different meanings to their manifestations and
(a) neither party knows or has reason to know the meaning attached by the other;...
Restatement (Second) of Contracts § 20 (1979). Thus, a "meeting of the minds" by the parties is essential to a stipulation.
Stipulations, on appropriate matters in pending litigation, are looked upon with favor by the courts because they are designed to simplify, shorten, or settle litigation and save costs to the parties. See Esch, 168 So. at 232 (quoting Smith v. Smith, 90 Fla. 824, 107 So. 257, 260 (1925)). Where appropriately made, stipulations are binding not only upon the parties but also upon the trial and appellate courts. See Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1, 4 (Fla.1971); Lopez *35 v. Dublin Co., 489 So.2d 805, 807 (Fla. 3d DCA 1986). "To avoid the consequences of a stipulation properly entered into, a party must show that the agreement is the product of a fraud, misrepresentation or mistake of fact." Bethea v. Bethea, 596 So.2d 1279, 1280 (Fla. 3d DCA 1992) (quoting Groover v. Groover, 383 So.2d 280, 283 (Fla. 5th DCA 1980)); see also Eastern Airlines v. Griffin, 654 So.2d 1194, 1195-96 (Fla. 1st DCA 1995).
In this case, there is certainly nothing inappropriate about these parties excluding, by stipulation, the use of some or all of McGoey's pretrial statements at trial. It appears, however, that what began as an agreement for the exclusion of McGoey's statements made regarding his use of medication and/or beers thereafter escalated, apparently without clarity to either the state or court, into an offer for the exclusion of all of McGoey's pretrial statements. When the trial court responded in the affirmative, without comment from the state, defense counsel was thereafter led to believe that the stipulation encompassed all of McGoey's statements. Given the apparent confusion and lack of mutual assent by the parties to the agreement on this issue,[4] and given the fact that, the use or exclusion of McGoey's pretrial statements may be material to the outcome of this case, we believe that we have no recourse but to reverse McGoey's conviction and sentence and remand for a new trial. As stated earlier, McGoey may pursue the exclusion of his pretrial statements by way of an appropriate motion to suppress and/or he and the state may enter into a clear and unambiguous stipulation as to the use and/or exclusion of such statements.
In remanding this case for a new trial, we have no occasion to address the remaining issues raised on this appeal except one. McGoey complains that the trial court improperly excluded his evidence as to the victim's impairment at the time of the accident. We disagree. The victim's impairment is irrelevant to the issue of McGoey's guilt or innocence on the crime as charged. See § 316.193(3)(c)3 Fla. Stat. (1995); Grata v. State, 414 So.2d 621 (Fla. 3d DCA 1982).
Reversed and remanded for new trial and affirmed in part.
NOTES
[1] We, of course, express no opinion as to the legal merits of any such motion to suppress at this time.
[2] Specifically, the record reveals the following:

* * *
[Prosecutor]: I have the deposition of the detective [sic] [D'Hare] that here is. It is not clear as to what the statements were or were not and how they were elicited. I called him, and I spoke to him this morning. His exact words to me were that specifically he asked the defendant if he was willing to consent to a blood draw. At that time the defendant stated to him, well, I am on this prescription medication. I am taking this medication. He just read it to him, and he wrote it down on the form.
[Defense]: I took Scott Hare's [sic] deposition. He says he informed Mr. McGoey he was doing a criminal investigation. He asked him some questions. He asked him some questions, even though it was a criminal investigation and he was not free to leave. There is no Miranda. I think the State is conceding what he stated. There is no Miranda. No Miranda anywhere. We have statements from Mr. McGoey.
Before we pick a jury on this, this is a really relevant issue. If the statement is going to come in, we have to do a suppress [sic] to motion prior to voir dire because it could effect some of my questions.
THE COURT: Well, let me make this clear: If we don't get the jury picked, I am going to continue this case.
[Defense]: * * * *
This is my concern: As badly as I want to try this caseand no one wants to try this more than Mr. McGoey and Iwe have to have a suppression motion first based on the detective's statements. (emphasis added)
I'm sorry I didn't file it earlier. A suppression motion can be made right before the case goes to the jury. I think we have to deal with it.
* * * *
[Prosecutor]: You know what, the State concedes or stipulates to keeping the statements out.
[Defense]: At trial, all statements?
[Prosecutor]: Yes. The State agrees not to allow the statements to be elicited from the witness. (emphasis added)
[Defense]: If the State is now telling me that no statements made by Mr. McGoey will be allowed to come in through the detective and no statements written 
THE COURT:No, we are talking about medication.
[Prosecutor]: As to the medication, there was a statement made to the detective that he was on prescription medication for whatever, I guess for pain.
[Defense]: What about the statement, "I had a couple of beers"?
[Prosecutor]: He never made a statement that he had a couple of beers.
[Defense]: As Ms. Forest pointed out yesterday in the State's original discovery, Ms. Forest told me the State intended to introduce the testimony of Mr. McGoey stating he had a couple of beers.
Now since that is in the State's original discovery, which is three prosecutors before Ms. Lopez, is the State saying no evidence will come in about Mr. McGoey's stating that he had a couple of beers and that the statements contained in the implied consent form as to alcohol and medication, then we don't need a suppress hearing. (emphasis added)
If the State does intent [sic] to elicit testimony that Mr. McGoey stated he had a couple of beer [sic], then we do need to have a suppression hearing. If they are agreeing not to, then we don't. (emphasis added)
[Prosecutor]: We are agreeing not to elicit that. There have been a million prosecutors on this case. We have been through this file with a fine tooth comb.
[3] Examples of McGoey's various pre-trial statements include:

Officer Armando Plana testified that McGoey had been standing away from his parked truck at the scene. Later, McGoey approached the officer and asked permission to return to his truck to retrieve tools from his truck. As the officer was escorting McGoey back to his truck, the officer testified that McGoey spontaneously stated that "he was sorry for hitting the person on the bike."
* * *
Detective D'Hare, an accident reconstructionist, testified that he did not administer any field sobriety tests to McGoey after McGoey stated that he had sustained some pain or injury to his hip or pelvic area as a result of the accident. The detective explained that he did not want to risk any further injury to McGoey.
* * *
Another state witness testified that McGoey had stated that the victim was 50 to 100 feet when McGoey first saw him.
* * *
The state further elicited that McGoey had told PSA, James Harold, that McGoey had never seen the victim prior to the accident.
[4] A trial court has no authority to accept an "offer" to stipulate on behalf of a party to the agreement. See Arrington, 233 So.2d at 637 (stating that "a court cannot force acceptance of an offer to stipulate ... [.]"). Additionally, the state's silence to this "agreement" cannot be construed as a stipulation. See Miami Herald Pub. Co. v. Payne, 358 So.2d 541, 542-43 n. 5 (Fla.1978) (stating that "[t]he district court's decision, to the effect that a party's silence in response to the court's suggestion at a motion hearing can be construed as a `stipulation', is at odds with Florida Rule of Civil Procedure 1.030(d) ... and is disapproved.").