743 So.2d 139 (1999)
Charles W. BURNSED, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01004.
District Court of Appeal of Florida, Second District.
October 8, 1999.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Charles Burnsed ("Burnsed") appeals the trial court's declaration that he qualifies for sexual predator designation. We reverse.
On August 12, 1996, the State Attorney for the Sixth Judicial Circuit, Pasco County, filed an information charging Burnsed with one count of capital sexual battery and four counts of handling and fondling a female child under the age of sixteen, in violation of section 794.011(2), Florida Statutes (1991), and section 800.04(1), Florida Statutes (1991), respectively. The information alleges that the offenses occurred between July 8, 1991, and July 7, 1994. On June 23, 1997, Burnsed pleaded guilty to the lesser charge of attempted capital sexual battery, and to the four counts of handling or fondling a female child under the age of sixteen. At the time of the entry of the plea, Burnsed and the State stipulated to an offense date of July 8, 1991.
On February 26, 1998, the trial court held a hearing on the State's motion to have Burnsed declared a sexual predator. Burnsed's attorney objected to the motion, pointing out that the offense date preceded the effective date of the sexual predator statute. The trial court overruled the objection and granted the State's motion. This appeal followed.
Burnsed argues that he does not qualify for sexual predator status. The sexual predator statute specifically states that it applies to convictions for crimes committed on or after October 1, 1993. See §§ 775.21-23, Fla. Stat. (1993); § 775.22, Fla. Stat. (Supp.1996).
We agree that the trial court erred in disregarding the stipulation. "Where appropriately made, stipulations are binding not only upon the parties but also upon *140 the trial and appellate courts." McGoey v. State, 736 So.2d 31, 34 (Fla. 3d DCA 1999) (citing Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1, 4 (Fla.1971), and Lopez v. Dublin Co., 489 So.2d 805, 807 (Fla. 3d DCA 1986)).
Reversed.
BLUE, A.C.J., and FULMER and DAVIS, JJ., Concur.