WARNER, C.J.
The former wife appeals an order transferring to the former husband the sole authority to make decisions regarding the education of the parties’ minor child. She contends that the change occurred on a motion to enforce the final judgment without any allegation of change in circumstance or notice to her that a modification of the final judgment would be heard. We disagree and affirm but limit the order in accordance with the oral ruling of the court which addressed the dispute with respect to child care.
In the final judgment the court ordered shared parental responsibility between the parties, and the husband was awarded primary physical residence of the child. Although the final judgment of dissolution specifically stated that the minor child should continue to attend Happy Land, a pre-school, immediately after the entry of the judgment, the wife refused to permit the child to attend while the child was with her for visitation. When this was brought to the attention of the trial court, the court refused to hold the wife in contempt but advised her that it was in the child’s best interest for him to go to the school. Shortly thereafter the husband moved to designate himself the sole decision-maker with respect to the child’s educational needs, alleging that the wife refused to take the child to the pre-school program and that failure to attend the full week pre-school program commencing in August 1998 would not be in the child’s best interests.
At the hearing the wife agreed that she had not voluntarily taken the child to the pre-school program on her days of visitation with the child. It was also established that attending the program five days a week was important to ready the child for admission to The Pine Crest School, something both parties wanted for their child. After considering the evidence, the court ordered the father to be the sole decision-maker with respect to the child’s edu *555 cation, but noted that it was essentially for one year, because the parties agreed as to the educational goals with respect to their son after pre-school. Nevertheless, the written order transferred sole authority for making these decisions to the husband without this limitation. We affirm the order but modify it to reflect the trial court’s oral limitation that the husband is the sole decision-maker only for the pre-school year which has since been completed. In doing so, the court was not modifying the original final decree but enforcing its specific ruling that the child would attend Happy Land.
Further, this record discloses only a disagreement over pre-school. In Tamari v. Turko-Tamari, 599 So.2d 680, 681 (Fla. 3d DCA 1992), the court held that it was error to permanently modify shared parental responsibility with regard to all educational decisions where the disagreement consisted of one single issue. Likewise, in the instant case, the only issue on which the parents could not agree was whether the mother would be required to bring the child to the pre-school on the two days a week during which she exercised visitation. The court concluded that she was required to do so and thus resolved the dispute. No further evidence was presented to show a continuing disagreement over other major educational decisions. In fact, the order itself states that the parties agree on the decision for the child to attend Pine Crest School in the future. To the extent that the written order goes beyond the oral ruling of the court and is inconsistent with those parts of the written order which show that the parties agree on future educational decisions, we modify the order. Otherwise, it is affirmed.
In an appeal from a separate post-dissolution judgment the wife also contends that the court erred in ordering her to repay the husband sums advanced. We agree that the amounts were not supported by any evidence. At the hearing, counsel submitted no evidence, but simply relied upon argument. We have explained in the past that, absent a stipulation, un-sworn attorney statements cannot take the place of evidence. See Sears Roebuck & Co. v. Polchinski, 636 So.2d 1369, 1371 (Fla. 4th DCA), rev. denied, 648 So.2d 724 (Fla.1994). We therefore reverse the final judgment of $12,540, and remand for entry of a judgment in the amount of $5,300, the only amount the former wife’s attorney conceded was owed to the former husband.
STONE, J., and COX, CYNTHIA L„ Associate Judge, concur.