W. SHARP, J.
Monts appeals from an order establishing his paternity of a minor child, S.L.W. He argues on appeal that the trial court failed to give him notice pursuant to section 742.12(3) concerning the procedure, the requirements of objecting to test results, and the consequences of failure to object. He also contends that the hearing officer denied his due process rights when it entered an order establishing paternity, without a trial. We affirm.
The child in this case was born on January 7, 1985, and this suit was filed by the Department of Revenue on September 20, 1995. Two DNA tests were performed which indicated Monts was the father of the child; one to a 99.97% probability and one, to a 99.84% probability. Monts disputed that he had sexual relations with the child’s mother, and offered testimony that at the time the child was conceived, Monts’ brother had a sexual liaison with her.
Accordingly, on October 4,1998, the parties entered into a stipulation, executed by Monts and the mother, later approved by the court, that a third DNA test would be done. The third paragraph of the joint stipulation provides:
The laboratory’s report of the test to be conducted, as well as the reports of the tests previously conducted in this case together with the opinions and conclusions of the laboratories are to be filed with the court, and shall be admissible in evidence. The parties waive all eviden-tiary requirements including but not limited to authentication and any other predicate required for admission of the test results together with the opinions and conclusions of the laboratories into evidence. A probability of paternity of 95% or greater in the test to be conducted shall conclusively determine the Respondent to be the biological father of the minor child in question and the court shall enter a judgment to that effect, (emphasis supplied).
*833 A third test indicated Monts was the father by a probability of 99.99%. It is not clear that Monts’ brother was ever tested.
The Department filed the test results with the court, together with the depositions of Monts and the mother of the child. It later filed a motion to enforce the stipulation and for entry of a final judgment. A hearing was held on July 6, 1999, before a hearing officer.
At the hearing the attorney for Monts objected, on the sole ground that section 742.12 required that upon entry of an order for scientific testing, each person must be informed of the procedure, requirements of objecting to the test results, and the consequences of failing to object. He also objected to the “summary procedure” of the Department’s motion.
The statute in question provides:
The test results, together with the opinions and conclusions of the test laboratory, shall be filed with the court. Any objection to the test results must be made in writing and must be filed with the court at least 10 days prior to the hearing. If no objection is filed, the test results shall be admitted into evidence without the need for predicate to be laid or third-party foundation testimony to be presented. Nothing in this paragraph prohibits a party from calling an outside expert witness to refute or support the testing procedure or results, or the mathematical theory on which they are based. Upon the entry of the order for scientific testing, the court must inform each person to be tested of the procedure and requirements for objecting to the test results and of the consequences of the failure to object.
With regard to the failure to advise Monts of his rights pursuant to the statute, it appears the hearing officer adjourned the hearing so that the parties could present case law on the issue of whether the Department had complied with section 742.12. But there was no evidence presented as to whether the parties complied. Monts’ attorney merely argued that Monts was not so advised. The hearing officer inquired whether Monts’ attorney was prepared to present testimony on the issue, but he responded it was a legal issue, not a factual issue. An attempt was made to schedule a hearing later, leaving the parties to work out a time. This was not done. Subsequently, the hearing officer entered a recommended order on paternity, and the court approved and adopted the order.
Based on this record, Monts failed to establish he had not been properly advised under section 742.12(3). His attorney declined to present testimony in this regard, after being afforded the opportunity to do so. Clearly the attorney’s un-sworn statement cannot take the place of evidence on this issue. Gumberg v. Gumberg, 745 So.2d 554, 555 (Fla. 4th DCA 1999); Sears Roebuck & Co. v. Polchinski, 636 So.2d 1369 (Fla. 4th DCA 1994). Thus, Monts failed to establish either that the former judge did not properly advise him, or that he did not know his rights.
Monts also questions the hearing officer’s actions in entering an order establishing paternity without taking testimony or having evidence introduced. However, the record here shows that the hearing officer encouraged testimony, and afforded Monts the opportunity to be heard. Monts’ attorney took the position that there were no factual issues involved.
Due process requires only that a person be afforded the opportunity to be heard. It does not require more than one opportunity where a party declines to take advantage of that opportunity, absent extraordinary circumstances not present in this case. In any event, the judgment was *834 properly entered based on the joint stipulation of the parties, which in essence conclusively determined the only factual issue: whether Monts was the father of this child.[1]
AFFIRMED.
DAUKSCH and COBB, JJ., concur.

. See Burnsed v. State, 743 So.2d 139 (Fla. 2d DCA 1999); McGoey v. State, 736 So.2d 31 (Fla. 3d DCA 1999); Petracca v. Petracca, 706 So.2d 904 (Fla. 4th DCA 1998); Dorson v. Dorson, 393 So.2d 632 (Fla. 4th DCA 1981).